MISRACH, Appellant,

v.

**CITY OF MONTGOMERY et al., Appellees.**

[Cite as *Misrach v. Montgomery* (1993), 90 Ohio App.3d 187.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920090.

Decided Sept. 8, 1993.

*Aronoff, Rosen & Stockdale* and *Gregory Mohar,* for appellant.

*Keating, Ritchie, Norwine & Swick, John C. Norwine* and *Pamela J. Eccles,* for appellees.

*Per Curiam.*

This cause came on to be heard upon the appeal, the record filed herein, the briefs, and arguments.

This appeal involves a suit for injunctive and declaratory relief brought by appellant, Donald R. Misrach, individually and as a representative of an alleged class of plaintiffs, against defendants-appellees the city of Montgomery, Ohio and its tax commissioner, Rebecca Wellbrock. Appellant sought, *inter alia,* a determination in the trial court that appellees had unlawfully assessed and collected income taxes upon the Subchapter S corporation dividends received by him and by other residents of Montgomery, and a refund of taxes actually assessed and collected.

Appellant began the action by filing a complaint for a declaratory judgment; the action was terminated by rulings on the litigants' cross-motions for partial summary judgment. In three assignments of error, appellant now contests on appeal the trial court's declaration of the litigants' rights and the entry of final judgment for appellees. For the reasons that follow, we modify the trial court's declaration of rights and affirm its judgment as modified.

In his first two interrelated assignments of error, appellant asserts that the trial court improvidently granted appellees' motion for partial summary judgment on the issues of whether appellees may be permanently enjoined from taxing Subchapter S corporation dividends, and whether appellees may employ a case-by-case analysis to determine if a given distribution is, in fact, either intangible income, which is not subject to municipal taxation, or taxable, passed-through wages. Appellant's arguments are without merit.

Summary judgment is appropriate where no genuine issue of material fact remains to be litigated which could establish the existence of an element essential to the nonmoving party's claim or defense. *Celotex v. Catrett* (1986), 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273, approved and followed in *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus; Civ.R. 56.

R.C. 718.01(F) declares, in pertinent part, that:

"No municipal corporation shall tax any of the following:

" * * *

"(3) Except as otherwise provided in division (G) of this section, intangible income."

R.C. 718.01(A)(4) and 5701.06(A) state that dividends arising from the ownership of investments in Subchapter S corporations are intangible income. Section F(4), Article III, of the Rules and Regulations of the City of Montgomery, also prohibits taxing intangible dividend income.

Here, appellees now admit that they are prohibited from taxing the dividends of Subchapter S corporations. Moreover, it is uncontroverted that appellees have refunded a $3,524.44 assessment to appellant. Clearly, there is no genuine issue of material fact as to whether appellant's dividend income is subject to taxation as income by appellees.

■ In its January 3, 1992 entry, in addition to granting appellees' motion for partial summary judgment, the trial court declared, in the briefest of language, that:

"The taxing of S Corporation dividends by municipalities must be determined on a case by case basis and may not be completely precluded by the use of injunctive relief."

In overruling appellant's second assignment of error, we hold that nothing in this declaration of the litigants' rights should be construed to permit appellees to assess taxes upon what legitimately constitutes dividend income from Subchapter S corporations. Neither should the declaration be construed so as to deprive appellees of the ability to determine whether a distribution of a Subchapter S corporation which is nominally classified as a dividend is actually wages and thus subject to taxation.[1]

Next, we hold that the trial court did not, as appellant alleges in his first assignment of error, *sua sponte* grant final judgment for appellees on motions for partial summary judgment "when [appellees] had merely moved for partial summary judgment on a narrow legal issue, not on the claim." Appellant asserts the court's ruling denied him the opportunity to make a proper response.

We note that appellant's complaint sought to permanently enjoin the taxing of Subchapter S corporation dividends. He moved for partial summary judgment on this issue. Appellees, in a response and cross-motion, urged partial summary judgment on the issue of whether they could be so enjoined, or whether they could employ a case-by-case analysis to determine if a distribution was in fact a dividend or passed-through wages. Appellant filed a reply memorandum rebutting appellees' argument.

■ Based upon this record, we conclude the trial court did not, of its own volition, rule on issues not properly presented to it. The trial court found that no genuine issues of material fact remained to be resolved, and, thus, granted appellees' motion for partial summary judgment. In conjunction with its other rulings on all motions then before it, the trial court thereby resolved all matters

---

1. We modify the trial court's declaration of rights upon the authority conferred by Section 3(B)(1)(f), Article IV of the Ohio Constitution to make a complete determination of a cause on review. Additionally, R.C. 2721.02 provides that courts of record, such as this one, may declare the rights of the parties in a civil action.

in controversy. Therefore, its entry of judgment, including a declaration of rights, was not error. The first two assignments of error are overruled.

■ . In its January 3, 1992, entry, the trial court declared, without further explanation, that: "1. [Appellant's] Motion for Class Certification [pursuant to Civ.R. 23] is denied." Appellant, in his third assignment of error, attacks the trial court's ruling, claiming that its erroneous resolution of the motions for summary judgment prevented it from deciding this issue on the merits. As we are upholding, as modified, the trial court's entry of summary judgment, and as our review of the record reveals no abuse of the trial court's discretion in denying class certification, we overrule appellant's final assignment of error. *Vinci v. Am. Can Co.* (1984), 9 Ohio St.3d 98, 459 N.E.2d 507.

The judgment of the trial court is therefore affirmed, subject to the following modifications in the declaration of rights: (1) the appellees may not assess and collect taxes on that which, in substance, constitutes dividend income from a Subchapter S corporation; and (2) the appellees are empowered to inquire into and determine whether a particular distribution from a Subchapter S corporation, however it is nominally classified, is actually wages subject to taxation.

*Judgment accordingly.*

SHANNON, P.J., DOAN and HILDEBRANDT, JJ., concur.