POWERS, Admr., et al., Appellants,

v.

MEYERS, Admr., et al.; Canal Insurance Co., Appellee.

[Cite as *Powers v. Meyers* (1995), 101 Ohio App.3d 504.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–930772.

Decided March 1, 1995.

*O'Connor, Acciani & Levy* and *Henry D. Acciani,* for appellants.

*Lindhorst & Dreidame* and *James F. Brockman,* for appellee.

*Per Curiam.*

Plaintiffs-appellants, Viola Powers, in her capacity as administrator for the estate of Heather Jones, and Mary Meyers, as guardian and guardian *ad litem* of

John Meyers, Jr., appeal from the entry of summary judgment for defendant-appellee Canal Insurance Company ("Canal") on the plaintiffs' prayer for a declaration of the parties' rights and obligations under a policy of liability insurance issued by Canal to defendant B.M. Express ("BMX"). The plaintiffs advance on appeal a single assignment of error, in which they challenge the trial court's entry of summary judgment for Canal in the form of a declaration that the Canal policy provides no coverage for the death of Viola Powers's decedent, Heather Jones, or for the injuries sustained by Mary Meyers's ward, John Meyers, Jr. We find this challenge to be well taken in part.

On July 19, 1987, John Meyers, Sr. ("Meyers"), while operating a tractor-trailer owned by his employer, BMX, drove the tractor-trailer off the road and over an embankment. The cab of the tractor-trailer was occupied by Meyers and, in direct violation of his employer's oral and written instructions, five members of Meyers's family. Meyers and three members of his family were killed, and two family members were injured.

In July 1989, the plaintiffs filed a complaint in Hamilton County Common Pleas Court, naming as defendants Richelle Meyers, in her capacity as administrator for Meyers's estate, BMX, and Canal. The complaint alleged that, at the time of the accident, Meyers was operating the tractor-trailer in the course of his employment duties on behalf of BMX and that Meyers's negligent operation of the tractor-trailer proximately caused Heather Jones's death and John Meyers, Jr.'s injuries. The plaintiffs thereby sought money damages and a declaration of coverage under a liability policy of insurance issued by Canal to BMX.[1]

Canal subsequently filed a motion for summary judgment, seeking a declaration that an endorsement to the Canal policy entitled "Occupant Hazard Excluded" ("occupant-hazard endorsement") operated to exclude bodily-injury liability coverage when a passenger is injured or killed in a covered vehicle. By entry dated December 9, 1991, the trial court, without elaboration, entered summary judgment for Canal, and the plaintiffs appealed.

On appeal, we reversed the entry of summary judgment for Canal upon our determination that the trial court failed to fulfill its function under R.C. 2721.02 when it entered summary judgment on a declaratory judgment claim without making a declaration of the parties' rights and obligations. We, therefore, remanded the matter to the trial court for "a declaration of rights as sought in the complaint, specifying whether there is a conflict between the occupant-hazard

---

1. By entry dated June 14, 1990, the plaintiffs' action, assigned Hamilton County Common Pleas Court No. A-8906225, was consolidated with an action captioned *Rubenstein v. B.M. Express Trucking Company,* which was filed on behalf of two other members of Meyers's family against Meyers's estate and BMX and was assigned Hamilton County Common Pleas Court No. A-896058.

endorsement and other portions of the insurance policy, pertinent federal statutes [or] regulations * * *, or state [or] federal public policy." *Powers v. Meyers* (Feb. 10, 1993), Hamilton App. No. C–920010, unreported, 1993 WL 30688.

On remand, the trial court again entered summary judgment for Canal. In the decision accompanying its entry of judgment, the court posed as the "sole issue" the "validity" of the occupant-hazard endorsement. The court determined that the occupant-hazard endorsement was not contrary to state or federal public policy or in conflict with "other portions of the insurance policy [or] * * * pertinent federal statutes [or] regulations cited by the parties" and declared that the "endorsement excluded coverage for passengers in [the] tractor-trailer which was the subject matter of the insurance policy at issue." The court further declared that the endorsement was a "blanket provision" that operated to exclude coverage under the policy's uninsured motorist provisions. Finally, the court declared that, without regard to the occupant-hazard endorsement, the policy's uninsured-motorist and general liability provisions excluded coverage when Meyers's use of the tractor-trailer to carry passengers exceeded the scope of the permission granted Meyers by his employer, BMX.

The standard governing the disposition of Canal's motion for summary judgment is set forth in Civ.R. 56. Pursuant thereto, a party against whom a claim is asserted may move, with or without supporting affidavits, for summary judgment in his favor on all or any part of the claim. Civ.R. 56(A). A motion for summary judgment may be granted if the court, upon viewing the inferences to be drawn from the underlying facts set forth in the pleadings, depositions, answers to interrogatories, written admissions, and affidavits in a light most favorable to the party opposing the motion, determines (1) that no genuine issue of material fact remains to be litigated, (2) that the moving party is entitled to judgment as a matter of law, and (3) that the evidence demonstrates that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party opposing the motion. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267; Civ.R. 56(C).

The insurance policy issued by Canal to BMX requires Canal to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use * * * of an owned automobile," up to the liability limits set forth in the policy. The uninsured-motorist provision of the policy requires Canal to "pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle." The policy

defines "an insured" to include the "named insured," designated as BMX, and "any other person while using an owned automobile * * * with the permission of the named insured, provided his actual operation * * * is within the scope of such permission." The policy defines "bodily injury" to include death and defines an "occurrence" as "an accident * * * which results in bodily injury * * * neither expected nor intended from the standpoint of the insured." Finally, the coverage provided under the policy is subject to a number of exclusions and endorsements, including the occupant-hazard endorsement and an endorsement required by the Interstate Commerce Commission ("ICC") and bearing the cumbersome title of "Endorsement for Motor Carrier Policies of Insurance for Automobile Bodily Injury and Property Damage Liability under Section 10927, Title 49 of the United States Code" ("ICC endorsement").

One exclusion from coverage under the policy arises by virtue of the occupant-hazard endorsement, which provides in part:

"It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability does not apply to Bodily Injury including death at any time resulting therefrom, sustained by any person while in or upon, entering or alighting from the automobile.

"It is further agreed that, in the event [Canal] shall, because of [a] provision of [a] Federal or State statute[,] become obligated to pay any sum or sums of money because of such bodily injury or death resulting therefrom, the insured agrees to reimburse [Canal] for any and all loss, costs and expenses paid or incurred by [Canal]."

The trial court characterized the occupant-hazard endorsement as a "blanket provision" that operated to exclude coverage not only under the policy's general liability provisions, but also under its uninsured-motorist provisions. Canal, in support of its motion for summary judgment, presented uncontroverted evidence that Heather Jones was killed and John Meyers, Jr. was injured while riding as passengers in the cab of the tractor-trailer. Based upon this evidence, the court declared that the occupant-hazard "endorsement excluded coverage for [injuries to or the death of] passengers in [the] tractor-trailer which was the subject matter of the insurance policy at issue."

The trial court's declaration that the occupant-hazard endorsement excluded coverage for the plaintiffs' death and bodily-injury claims followed the court's determination, in response to our mandate on remand, that the occupant-hazard endorsement was not contrary to state or federal public policy or in conflict with "other portions of the insurance policy [or] * * * pertinent federal statutes [or] regulations cited by the parties." We disagree.

The ICC endorsement provides in part:

"In consideration of the premium stated in the policy to which this endorsement is attached, the Company agrees to pay, within the limits of liability prescribed herein, any final judgment recovered against the insured for bodily injury to or death of any person * * * (excluding injury to or death of the insured's employees while engaged in the course of their employment * * *), resulting from negligence in the operation, maintenance, or use of motor vehicles under certificate or permit issued to the insured by the Interstate Commerce Commission * * *.

"It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, or any other endorsement thereon or violation thereof, or of this endorsement, by the insured shall relieve the Company from liability or from the payment of any final judgment, irrespective of the financial responsibility or lack thereof or insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which this endorsement is attached are to remain in full force and effect as binding between the insured and the Company, and the insured agrees to reimburse the Company for any payment made by the Company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the Company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

"It is understood and agreed that, upon failure of the Company to pay any final judgment recovered against the insured as prescribed herein, the judgment creditor may maintain an action in any court of competent jurisdiction against the Company to compel such payment."

By the express terms of the ICC endorsement, Canal's obligation to pay arises when (1) a "final judgment is recovered against the insured" (2) "for bodily injury to or [the] death of any person [other than an employee engaged in his employment duties] resulting from negligence in the operation, maintenance or use of" a covered vehicle. The endorsement also confers upon a judgment creditor the right to seek satisfaction of the judgment by proceeding directly against the insurer. Finally, the ICC endorsement, in language similar to that employed in the second paragraph of the occupant-hazard endorsement, imposes upon an insured the obligation "to reimburse [Canal] for any payment made by [Canal] on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that [Canal] would not have been obligated to make under the provisions of the policy except for the agreement contained in [the ICC] endorsement."

Under the occupant-hazard endorsement, the status of Heather Jones and John Meyers, Jr. as passengers in the tractor-trailer is determinative of the issue of whether the Canal policy provides bodily-injury liability coverage for the death of

Heather Jones and the injuries sustained by John Meyers, Jr. Under the ICC endorsement, however, the rights and obligations of Canal and an insured under the policy and the right of action conferred on a judgment creditor are contingent upon the entry of a "final judgment * * * against [an] insured for bodily injury to or [the] death of any person [other than an employee engaged in his employment duties] resulting from negligence in the operation, maintenance or use of" a covered vehicle. Thus, under the ICC endorsement, unlike the occupant-hazard endorsement, the status of the tort victims as passengers in a covered vehicle is not, standing alone, determinative of the issue of whether the policy provides bodily-injury liability coverage for the death of Heather Jones and the injuries sustained by John Meyers, Jr.[2] Accordingly, to the extent that the occupant-hazard endorsement operates to exclude liability coverage based solely upon the status of the tort victims as passengers in a covered vehicle, it is inconsistent with the ICC endorsement.

The genesis of the ICC endorsement was Congress's mandate to the ICC "to prescribe regulations to insure that motor carriers would be fully responsible for the operation of vehicles certified to them" and "the ICC's desire that the public be adequately protected." *Empire Fire & Marine Ins. Co. v. Guaranty Natl. Ins. Co.* (C.A.10, 1989), 868 F.2d 357, 362, citing Sections 11107 and 10927, Title 49, U.S.Code; accord *Integral Ins. Co. v. Lawrence Fulbright Trucking* (C.A.2, 1991), 930 F.2d 258, 261; *Canal Ins. Co. v. First Gen. Ins. Co.* (C.A.5, 1989), 889 F.2d 604, 611. The form of endorsement attached to the Canal policy was developed by the ICC to ensure compliance with Section 1043.1(a), Title 49, C.F.R., which requires all ICC-certified motor carriers to maintain insurance or some other form of surety "conditioned to pay any final judgment recovered

---

2. We recognize the significance of the status of Heather Jones and John Meyers, Jr. as unpermitted passengers in a covered vehicle to the plaintiffs' claims seeking to hold BMX vicariously liable for the negligence of Meyers and thus to the ultimate issue of whether, by virtue of a negligence judgment against BMX, liability coverage arises under the ICC endorsement. See *Posin v. A.B.C. Motor Court Hotel, Inc.* (1976), 45 Ohio St.2d 271, 74 O.O.2d 427, 344 N.E.2d 334 (holding that an employer is vicariously liable for the acts of its employee unless the act is such a divergence from his regular duties that its very character severs the relationship of master and servant). We note, however, that the status of the tort victims as unpermitted passengers in a covered vehicle is not, as a matter of law, determinative of the issue of vicarious liability. We further note that this cause is before us on appeal from the trial court's entry of summary judgment for Canal in the form of a declaratory judgment. BMX is not a party to the plaintiffs' appeal, and our review of the trial court's judgment is confined to the legal efficacy of the trial court's declaration of the contractual rights and obligations arising under the Canal policy. See R.C. 2721.03 (providing that a declaratory judgment may issue only to "determine[ ] any question of construction or validity arising under [an] instrument [such as a deed or a will], [a] constitutional provision, [a] statute, [a] rule, [an] ordinance, [a] resolution, [a] contract, or [a] franchise and [to] * * * declar[e the] rights, status, or other legal relations thereunder."). Therefore, the merits of the plaintiffs' negligence claims against BMX are not before us.

against such motor carrier for bodily injuries to or the death of any person resulting from the negligent operation, maintenance, or use of motor vehicles" under the motor carrier's permit. *Empire, supra,* 868 F.2d at 362; see, also, *Integral Ins. Co., supra,* 930 F.2d at 261–262 (holding that the ICC endorsement imposes on an insurer the obligation to pay even when the judgment against an insured is based on a theory of vicarious liability). The ICC endorsement in effect "deletes" or "negates any clauses in the body of the policy to which it is attached that would have the effect of limiting that insurance carrier's liability." *Empire, supra,* 868 F.2d at 363. Therefore, to the extent that the exclusion provided by the occupant-hazard endorsement is inconsistent with the ICC endorsement, it is negated or deleted by the ICC endorsement. Accordingly, we hold that the trial court erred as a matter of law in declaring that the occupant-hazard endorsement operated to exclude coverage under the policy.

A second "exclusion" from coverage under the policy arises out of the policy's definition of an "insured" to include the named insured and "any other person while using an owned automobile * * * with the permission of the named insured, provided his actual operation * * * is within the scope of such permission." This definition of an "insured" in effect excludes bodily-injury coverage under the uninsured-motorist provisions of the policy and bodily-injury liability coverage under its general liability provisions for bodily injury arising out of the use or operation of a covered vehicle by a person other than the named insured, when that operation or use exceeded the scope of the permission granted by the named insured. This "exclusion," coupled with the uncontroverted evidence that Heather Jones was killed and John Meyers, Jr. was injured while riding as passengers in the tractor-trailer in contravention of BMX's written and oral instructions to its employee, Meyers, provided the fundament for the trial court's declaration that, regardless of the occupant-hazard endorsement, the policy's general liability and uninsured-motorist provisions excluded coverage when Meyers's use of the tractor-trailer to carry passengers exceeded the scope of the permission granted to Meyers by BMX. We agree with this assessment in part.

The obligations of Canal under the general liability and uninsured-motorist provisions of the policy arise only with respect to an insured as that term is defined for purposes of the policy. Similarly, the rights and obligations arising under the ICC endorsement are contingent upon the entry of a final judgment against an insured. As we noted above, the policy defines an "insured" to include the "named insured," designated as BMX, and "any other person while using an owned automobile * * * with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission." Meyers's operation of the tractor-trailer to carry passengers and Heather Jones's and John Meyers, Jr.'s

use of the tractor-trailer to ride as passengers exceeded the scope of the permission granted to Meyers by BMX. Therefore, Meyers, Heather Jones and John Meyers, Jr. are not insureds for purposes of the Canal policy. Accordingly, we hold that the trial court properly declared that the "exclusion" arising out of the definition of an "insured" (1) excluded coverage for the death of Heather Jones and the bodily injuries sustained by John Meyers, Jr. under the uninsured-motorist provisions of the policy and (2) excluded liability coverage under the general liability provisions of the policy and under the ICC endorsement with respect to the plaintiffs' negligence claims against Meyers's estate.

BMX, however, is designated in the policy as the named insured and is, therefore, an insured for purposes of the policy, independently of the proviso that the operation or use of the covered vehicle be within the scope of the permission granted by the named insured. Accordingly, with respect to the plaintiffs' negligence claims against BMX, we hold that the "exclusion" arising out of the definition of an "insured" is inapplicable and that the trial court erred in declaring that it operated to exclude liability coverage under the policy's general liability provisions and the ICC endorsement.

To summarize, we have determined that the exclusion provided by the occupant-hazard endorsement is inconsistent with and thus negated by the ICC endorsement and that BMX is an insured as defined by the policy. Therefore, we sustain the sole assignment of error advanced by the plaintiffs on appeal to the extent of the challenge presented therein to (1) the trial court's determination that the occupant-hazard endorsement was not contrary to federal public policy or in conflict with "other portions of the insurance policy [or] * * * pertinent federal statutes [or] regulations," (2) the court's declaration that the occupant-hazard endorsement operated to exclude liability coverage under the policy, and (3) the court's declaration that, with respect to the negligence claims against BMX, the "exclusion" arising out of the definition of an "insured" operated to exclude coverage under the policy. However, we have further determined that Meyers is not an insured for purposes of the general liability provisions of the policy or the ICC endorsement and that Heather Jones and John Meyers, Jr. are not insureds for purposes of the uninsured motorist provisions of the policy. We, therefore, overrule the plaintiffs' assignment of error to the extent of the challenge presented therein to the trial court's declaration that the "exclusion" arising out of the definition of an "insured" excluded liability coverage under the policy with respect to the plaintiffs' negligence claims against Meyers's estate and excluded coverage for the death of Heather Jones and the bodily injuries sustained by John Meyers, Jr. under the uninsured motorist provisions of the policy.

App.R. 12(B) empowers an appellate court to render the judgment that a court of common pleas should have rendered. Section 3(B)(1)(f), Article IV of the Ohio Constitution and R.C. 2721.02 confer upon an appellate court the authority to modify a trial court's declaration of the rights and obligations of the parties to a civil action and to affirm the trial court's declaration of rights and obligations as modified. *Misrach v. Montgomery* (1993), 90 Ohio App.3d 187, 628 N.E.2d 126.

■ Accordingly, we restate the trial court's declaration that the "exclusion" arising out of the definition of an "insured" operated to exclude bodily-injury liability coverage under the policy with respect to the plaintiffs' negligence claims against Meyers's estate and to exclude coverage for the death of Heather Jones and the bodily injuries sustained by John Meyers, Jr. under the uninsured-motorist provisions of the policy. We further declare that the exclusion arising under the occupant-hazard endorsement, to the extent that it is inconsistent with the ICC endorsement, is negated by the ICC endorsement. Finally, we declare that, subject to those "terms, conditions, and limitations in the policy" that are not in conflict with the endorsement, if a "final judgment is returned against [BMX] for bodily injury to [John Meyers, Jr.] or [the] death of [Heather Jones] * * * resulting from negligence in the operation, maintenance or use of" a covered vehicle, the ICC endorsement (1) imposes upon Canal the obligation to pay the judgment, (2) confers upon the plaintiffs as judgment creditors the right to proceed directly against Canal to satisfy the judgment, and (3) imposes upon BMX the obligation "to reimburse [Canal] for any payment made by [Canal] on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that [Canal] would not have been obligated to make under the provisions of the policy except for the agreement contained in [the ICC] endorsement."

With the above modifications, we affirm the judgment of the trial court.

*Judgment affirmed*
*as modified.*

HILDEBRANDT, P.J., DOAN and GORMAN, JJ., concur.