OPINION
Defendant-appellant, Robert R. Rockenfield, appeals a decision of the Butler County Court of Common Pleas in favor of Towne Properties Asset Management Company ("Towne"), the courtappointed receiver for a condominium association. The court granted Towne's motion that the association's board of trustees ("board") be prohibited from approving a $25,156 credit to Rockenfield for alleged overpayment of common expense assessments for water and sewer service. We affirm.
This case began as an action by minority unit owners in the Eagle's View Professional Condominium for an accounting and for the appointment of a receiver. The action was filed against the condominium association and individually against Rockenfield, the majority owner.[1] One of the issues in the case was the minority owners' objection to the fact that from the time he became an owner in August 1992, Rockenfield deducted the common expense assessment for water and sewer service from his total monthly condominium dues for his units which were not utilizing the service.[2]
The trial court found that the board had not approved either Rockenfield's deduction for the water and sewer assessments or his method of calculation for doing so. Rockenfield was ordered to repay $25,156 to the association. The court also appointed Towne as receiver.
Rockenfield filed a motion for a new trial based on his allegation that he "did not have the opportunity to present evidence of the [board's] ratification of his method of calculating his dues." Rockenfield offered minutes from a board meeting held September 13, 1994, two months prior to trial, where his deduction for water and sewer was discussed and approved by motion. The trial court denied Rockenfield's motion, concluding that Rockenfield could have presented the evidence at trial but failed to do so.
Rockenfield paid the judgment and an entry of satisfaction was filed in September 1995. On November 2, 1995, the board met. The minutes contain a resolution stating that Rockenfield's deduction for water and sewer had been ratified at the September 13, 1994 board meeting and that the minutes from that meeting were approved at the May 1995 association meeting and were provided to every unit owner.
A second resolution stated that Rockenfield had overpaid his association dues because of the inclusion of water and sewer charges. This resolution authorized a credit to Rockenfield for the overage in the amount of $25,156. Towne, as receiver, filed a motion asking that the court order the board to cease in its attempt to credit the alleged overage to Rockenfield. The court concluded that a board resolution authorizing a credit to Rockenfield for prior water and sewer assessments would be action in disregard of the court's prior order and that the board was therefore without authority to issue the credit. Rockenfield and the association appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED IN HOLDING THAT THE CONDOMINIUM ASSOCIATION'S BOARD OF TRUSTEES WAS WITHOUT AUTHORITY TO ISSUE THE RESOLUTIONS DATED NOVEMBER 2, 1995, AND THAT SUCH RESOLUTIONS CONTRAVENED THE COURT'S MARCH 24, 1995 ENTRY.
Rockenfield argues that the board had the authority to ratify a prior act or transaction, that the board did ratify Rockenfield's prior dues deduction, and that the credit was therefore allowable. Our review of the condominium declaration and the applicable statutes leads us to conclude that the board lacked the authority to ratify an act which is in conflict with the provisions of the condominium declaration relating to common elements.
R.C. 5311.05 governs declarations pertaining to condominium property and enumerates certain requirements for their content, relating to the nature of the interest which would be conveyed to a unit owner. Condominium declarations must be strictly construed since the condominium concept depends upon reasonable use and occupancy restrictions. Georgetown Arms Owners Assn. v. Super (1986), 33 Ohio App.3d 132, 133-134.
R.C. 5311.05(B)(6) states that a declaration shall contain:
 A description of the common area and facilities and limited common areas and facilities thereby submitted to the provisions of this chapter, the percentage or percentages of interest therein appertaining to each unit, the basis upon which those appurtenant percentages of interest are allocated, and the procedures whereby the percentages appertaining to each unit may be altered, which percentages, basis, and procedures shall be in accordance with sections 5311.04 of the Revised Code.
In the Eagle's View Condominium Declaration filed in Butler County in February 1988, Article IV states in part as follows:
4.1 Description of Common Elements.
 Common Elements shall include, without limitation, for maintenance purposes of the Association * * * all gas, water and waste pipes, all sewers * * * wherever located which serve more than one Unit * * *.
4.2 Description of Limited Common Elements.
 The Limited Common Elements shall be those portions of the Common Elements so designated as such on the drawing attached as Exhibit "B." The Limited Common Elements shall also include all porches, stoops, stairwells and steps that serve a particular Unit.
4.3 Title to the Common Elements.
 Title to the Common Elements shall be held by the Unit Owners as tenants in common and ownership shall remain undivided. * * * All rights herein shall be subject to:
* * *
 4.3.3 The right of the Association to levy assessments for the Common Expenses * * *.
Common expenses are defined in Article I as "expenditures made by, or financial liabilities of, the Association, together with any allocation to reserves." Article III provides that "[t]he allocation * * * for Common Expense Liability * * * shall be in accordance with the allocation set forth in Exhibit `C,' attached." Exhibit "C" contains a par value allocation for each unit which is used to compute the percentage of unit ownership in the common elements.
R.C. 5311.04(D) states in pertinent part that:
 [T]he percentage of interest in the common areas and facilities of each unit as expressed in the original declaration shall not be altered except by an amendment to the declaration unanimously approved by all unit owners affected.
In United States ex rel. Woodruff v. Fairways Villas Condominium Assn. (N.D. Ohio 1995), 879 F. Supp. 798, 801, the court considered the impact of R.C. 5311.04(D) on a condominium association board's authority to make determinations relating to common areas:
 Although O.R.C. [Section] 5311.04 allows in paragraph (D) for the alteration of a unit owner's percentage of interest in the common areas of a condominium property, the statute does not — strictly construed — appear to permit the conversion of common area property into limited common area property * * *. Grimes v. Moreland, 41 Ohio Misc. 69, 74, 322 N.E.2d 699 (Franklin County C.P. 1974). However, at least two Ohio courts have construed the statute to allow such changes under the same condition required for an alteration in the percentage of interest, that is, by an amendment to the declaration unanimously approved by all unit owners. [Falls Homeowners' Ass'n., Inc. v.] Aveyard, 1994 WL 409626 at 4 [July 27, 1994, Montgomery App. No. 14250, unreported]; Grimes, 41 Ohio Misc. at 74, 322 N.E.2d 699.
The Fairways court concluded that neither the Association nor its board had the authority to grant the plaintiff exclusive use in a common parking space for handicapped parking purposes, because "no addition or amendment to the rules or bylaws of the Association would have satisfied the strictures of O.R.C. [Section] 5311.04(D)."
In this case, the Eagle's View condominium board's November 2, 1995 resolution states in part as follows:
 Resolved, that the water and sewer fees are not at this point common to all units and the method that the Condominium Association has been using to calculate the water and sewer fees is reasonable in that it charged the expense for water and sewer against the units that were using water and sewer, and
* * *
 Resolved; that Robert R. Rockenfield would not pay the water and sewer charges for those units that do not use water and sewer, so he will deduct from his Condominium Association dues an amount equal to the average amount charged to all units that use water and sewer for the units owned by Rockenfield that do not use water and sewer.
An additional resolution, also dated November 2, 1995 stated in part that:
 Whereas, the practice of Robert R. Rockenfield paying a lesser amount of condominium Association dues because of not using water and sewer in some of his units is proper now[,] then it should also be proper from the start of his ownership August, 1992, and
* * *
 Resolved that Robert R. Rockenfield shall have an immediate credit for the $25,156.00 overpayment from the Eagle's View Condominium Association.
The board by the above resolution attempted to change water and sewer facilities from a common element as described in the condominium declaration to a limited common element. We conclude, based on the case law as cited above and the Declaration's terms, that the board lacked the authority to issue the resolution, and that such would require an amendment of the Declaration and the unanimous approval of all unit owners. See Fairways,879 F. Supp. at 801. The resolution and the accompanying credit issued to Rockenfield are therefore null and void. The assignment of error is overruled and the trial court's judgment denying Rockenfield the $25,156 credit is affirmed.
POWELL, P.J., concurs.
KOEHLER, J., dissents.
[1] Rockenfield owns a two-unit conference center plus twenty-five of the complex's thirty-four office units. The association's authority is exercised through a five member board of trustees elected by the unit owners as provided in Article III of the condominium by-laws. Due to Rockenfield's seventy-nine percent ownership interest, he also controls the board and is its president and treasurer.
[2] The minutes from the July 14, 1992 unit owners meeting reflect that there are no individual water meters in the complex. Water is collectively metered to the complex and is billed to the condominium association.