OPINION
{¶ 1} Defendant-appellant, Fairway 10 Village 5 Condominium Association, Inc. ("Association"), appeals a decision of the Clermont County Court of Common Pleas in favor of plaintiff-appellees, Robert and Mary Derr ("Derrs"), allowing them to enclose the deck on the limited common area connected to their condominium unit. We reverse the decision of the trial court.
 {¶ 2} The Derrs own a condominium unit within Fairway 10 Village 5 Condominium complex. In July of 2001, the Derrs sought approval from the Association to enclose the deck area of their unit. The Association decided to poll the members of the Association as to whether they approved or opposed the proposed enclosure. Pursuant to the Association's Declaration,[1]
there are 11 units within the Association, with each receiving one vote.
 {¶ 3} The Association's secretary sent out the ballots asking for a "yes" or "no" response to the Derrs' request. The ballots were to be returned to the Association on or before July 31, 2001; however, the Association's president did not think that the ballots had been sent, so he sent out ballots with a deadline of August 3, 2001. As of July 31, there were no opposing votes. By August 2, the Association received eight approving votes and three opposing votes for a 72.727 percent approval. As a result of not receiving unanimous approval, the Association denied the Derrs' request for the deck enclosure.
 {¶ 4} The Derrs brought suit against the Association for declaratory relief. They asked the trial court to declare that they may commence and complete the deck enclosure and to order the Association to send an approval letter to the Pierce Township Zoning Administrator so that a building permit could be issued. Both parties filed motions for summary judgment. The trial court granted the Derrs' motion and denied the Association's motion. The Association appeals raising the following assignment of error:
 {¶ 5} "The trial court erred in its determination that an amendment to the condominium declaration was not required in order for a condominium owner to enclose their limited common area deck."
 {¶ 6} The Association maintains that in order to approve the enclosure of the deck, there must be an amendment made to the Association's Declaration. It argues that the deck enclosure would either change the percent of Common Areas and Facilities owned by members of the Association, or change the use of the deck as delineated in the Declaration. In order to obtain the amendment, the Association asserts that there must be a unanimous vote by the members for its approval if this court finds that the enclosure would change the percent of the Common Area and Facilities owned by each unit owner. It also argues that if this court finds that the use would be changed, then there must be a 75 percent vote of approval by the members for that change so that the Declaration may be amended.
 {¶ 7} An appellate court's review of a summary judgment decision is de novo. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336. Under a Civ.R. 56(C) motion for summary judgment, the movant must demonstrate that: "(1) [there is] no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Civ.R. 56(C); WelcoIndustries, Inc., v. Applied Companies (1993),67 Ohio St.3d 344, 346, 1993-Ohio-191.
 {¶ 8} The nonmoving party may not rest upon the allegations or denials in the pleadings, but must affirmatively demonstrate the existence of a genuine issue of material fact to prevent the granting of a motion for summary judgment. Civ.R. 56(C); Mitseffv. Wheeler (1988), 38 Ohio St.3d 112, 115. In deciding whether there is a genuine issue of material fact, the evidence must be construed in the nonmoving party's favor. Angel v. Kroger Co.,
Warren App. No. CA2001-07-073, 2002-Ohio-1607.
 {¶ 9} "Condominium declarations must be strictly construed since the condominium concept depends upon reasonable use and occupancy restrictions." Boerger v. Rockenfield (May 5, 1997), Butler App. No. CA96-11-226, citing to Georgetown Arms OwnersAssoc. v. Super (1986), 33 Ohio App.3d 132, 133 and 134.
 {¶ 10} In the case sub judice, the Derrs wished to enclose their deck area. The deck area is described in the Declaration as a Limited Common Area.[2] Limited Common Areas are defined in the Declaration as "Common Areas and Facilities designated * * * as reserved for the use of a certain unit or units to the exclusion of other units * * *."[3] Moreover, each unit owner is granted "an exclusive and irrevocable license" for the use of their deck.[4]
 {¶ 11} Pursuant to the Declaration, Common Areas and Facilities may be altered with the written consent of the Association.[5] Limited Common Areas are encompassed within Common Areas, therefore this provision would apply to the Derrs' deck. As such, the Derrs may enclose their deck with the written consent of the Association. The past president of the Association testified in his deposition that the Association felt that the written consent provision meant that there must be a majority vote of approval by the unit owners. The trial court erroneously relied upon this statement when finding that the Derrs could enclose their property.
 {¶ 12} R.C. 5311.04(E) in pertinent part states that "[e]ach unit owner may use the common areas and facilities in accordance with the purposes for which they are intended." (Emphasis added.)
Moreover, the Declaration must contain "the purpose or purposes of the condominium property and the units and commercial facilities situated therein and the restrictions, if any, upon the use or uses thereof." R.C. 5311.05(B)(3). It must also contain a unit designation and a statement of its "location, approximate area, number of rooms, and the immediate common area or limited common area to which it has access, and any other data necessary for its proper identification." R.C. 5311.05(B)(5).
 {¶ 13} Article III, Section 3.3 of the Declaration describes the property and provides that "[c]onnected to each unit is a patio or deck, * * * which is part of the Limited Common Areas and Facilities of the Condominium Property." Because the Derrs are seeking to enclose their deck, it will no longer be used for the purpose for which it was intended, a deck. See R.C.5311.04(E). The change of use would cause a change in the Declaration pursuant to R.C. 5311.05(B)(3) and (5); therefore, the Declaration must be amended. R.C. 5311.05(B)(9).[6] Any amendment must be approved by 75 percent of the unit owners. Id. Therefore, a majority vote would not suffice to allow for the approval of the enclosure. Instead, a 75 percent approval vote would be needed.
 {¶ 14} The Derrs' did not receive 75 percent of the vote, but only 72.727 percent. As such, the trial court erred in permitting the Derrs to change the use of their deck by constructing an enclosure upon it without having a 75 percent approval vote by the unit owners. The Association's assignment of error is sustained.
 {¶ 15} The judgment of the trial court is reversed.
Judgment reversed.
WALSH, J., concurs.
YOUNG, P.J., dissents.
[1] A Declaration is the instrument which submits the property to the application of R.C. Chapter 5311 and any amendments made to the instrument itself. It contains, among other things, a description of the property, the name of the property and the purpose of the condominium property and any restrictions upon its use.
[2] Article III, Section 3.3(D) of the Association's Declaration.
[3] Article II, Section 2.1(H) of the Association's Declaration.
[4] Article III, Section 3.3(D) of the Association's Declaration.
[5] Article VII, Section 7.1(L) of the Association's Declaration.
[6] We note that the Derrs have argued that this provision does not apply as it refers to R.C. 5311.051, which concerns expandable condominium property and R.C. 5311.04(D), which concerns change of percentage of ownership in common areas. However, this provision applies to all amendments except those which change the percent ownership of common areas or those for expanding condominium property. The instant case does not fall into either of these categories.