BELDEN et al., Appellees,

v.

WEBB et al., Appellants.

[Cite as *Belden v. Webb* (1997), 122 Ohio App.3d 199.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE01–57.

Decided Aug. 5, 1997.

*Scott E. Smith Co., L.P.A.,* and *Scott E. Smith,* for appellees.

*Bernard Z. Yavitch,* for appellants.

Bowman, Judge.

In 1993, the owner of the property at 187 and 189 West First Avenue established a condominium. Defendants-appellants, Rodney and Cindy Webb, purchased half of the condominium, which is the 187 West First Avenue unit. Plaintiffs-appellees, Randy Belden and Mary Elchinger, purchased the other half of the condominium, which is the 189 West First Avenue unit. The property is governed by the Condominium Declaration and Bylaws.

Problems concerning the common areas developed between the parties. On June 5, 1995, appellees' counsel wrote a letter to appellants concerning appellants' dog and the damage he had inflicted in the common area behind the house, as well as problems created by a large, high-powered light on the exterior of their unit. The letter demanded arbitration to resolve the problems. Appellants responded by letter indicating that they believed the problems were resolved. On July 7, 1995, appellees filed a complaint to compel appellants to submit to arbitration, pursuant to the terms of the bylaws, to settle "[a] controversy * * * concerning the boundaries of real estate and interpretation of the By–Laws." Appellants filed an answer and denied the allegations and that a controversy existed.

Subsequently, the parties agreed to arbitration. The trial court submitted the case to binding arbitration pursuant to R.C. 2711.01. On February 14, 1996, the arbitrator issued an award which held as follows:

"1) The Parties, Randy Belden and Mary Elchinger hereinafter referred to as the Claimants, and Rodney Webb and Cindy Webb, hereinafter referred to as the Respondents, each shall within 7 days from this date, appoint a representative to the Board of Managers of 187–189 W. First Avenue Condominium hereinafter referred to as the Condominium, which representations shall not be a unit owner, occupant, or counsel representing a party in this matter.

"2) The Board of Managers shall within 14 days from this date meet to consider and take action on the following matters:

"a) Repair or replacement of the sidewalk in front of the Condominium;

"b) Repair or replacement of the roof of the Condominium;

"c) Removal of the tree in the middle of the yard behind the Condominium;

"d) Removal of the graffiti on the east side of the Condominium and paint splatter around the front porch and rear patio of the Condominium;

"e) Repair or replacement of the privacy fence surrounding the back patio.

" * * *

"6) The Claimants and Respondents within 14 days from this date shall enter into an Easement for the erection of a privacy fence, of the same type and material as the perimeter fence. The fence is to be erected in the center of the back patio and shall essentially be placed on the same line as that which separates the units. The details of the erection and the exact position of the fence shall be supervised by the Board of Managers.

"7) The Easement provided for in 6 above shall be for a term co-existent with the ownership of the units by the Claimants and Respondents and shall have no effect on the status of the area as a 'Common Area' or the Claimants' and

Respondents' equal undivided 50% ownership interest in the 'Common Area' but shall constitute an accommodation of both parties for the preservation of the value of the units and to promote the benefit, enjoyment and well being of the unit owners and occupants."

Appellants filed a motion to vacate, modify or correct the arbitration award. The trial court overruled the motion and confirmed the. arbitration award. Appellants have appealed, and raise the following assignments of error:

"Assignment of Error No. I:

"The court erred in overruling the motion of the defendants to vacate, modify or correct the award in that the arbitrator issued rulings on matters exceeding his powers pursuant to Revised Code § 2711.01(A), and § 2711.01(B).

"Assignment of Error No. II:

"The arbitrator, in establishing the erection of a fence, violated the rights of the defendants provided for in the condominium declaration and by law, specifically, Article III, Section 2, Subsection (n).

"Assignment of Error No. III:

"The arbitration award unduly infringes upon the rights of the defendants as guaranteed to them through § 5311.04 and § 5311.05 of the Revised Code."

■ By the first assignment of error, appellants contend that the trial court erred in overruling their motion to vacate, modify, or correct the arbitration award, in that the arbitrator issued rulings on matters exceeding his powers pursuant to R.C. 2711.01(A) and (B).

R.C. 2711.10 limits judicial review of arbitration to claims of fraud, corruption, misconduct, an imperfect award, or that the arbitrator exceeded his authority. *Goodyear v. Local Union No. 200* (1975), 42 Ohio St.2d 516, 71 O.O.2d 509, 330 N.E.2d 703, paragraph two of the syllabus. In *Huffman v. Valletto* (1984), 15 Ohio App.3d 61, 63, 15 OBR 90, 92, 472 N.E.2d 740, 743, the court stated:

"That result [confirming an arbitration award despite a legal error] may seem inequitable, but any different result would destroy the integrity of binding arbitration. When disputing parties agree to submit their controversy to binding arbitration, they agree to accept the result, even if it is legally or factually wrong. *Goodyear v. Local Union No. 200* (1975), 42 Ohio St.2d 516, 520 [71 O.O.2d 509, 511, 330 N.E.2d 703, 706–707]; *Lockhart v. American Res. Ins. Co.* (1981), 2 Ohio App.3d 99, 102–103 [2 OBR 112, 115–117, 440 N.E.2d 1210, 1214–1216]. If the parties could challenge an arbitration decision on the ground that the arbitrators erroneously decided legal or factual issues, no arbitration would be binding. Binding arbitration precludes judicial review unless the arbitrators were corrupt or committed gross procedural improprieties. R.C. 2711.10."

R.C. 2711.01(A) and (B) provide as follows:

"(A) A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract * * * shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.

"(B)(1) Sections 2711.01 to 2711.16 of the Revised Code do not apply to controversies involving title to or the possession of real estate, with the following exceptions:

" * * *

"(e) Controversies involving the boundaries of real estate."

Appellants contend that the exceptions provided in R.C. 2711.01(B) do not apply to the erection of a fence through the center of the back patio and, therefore, the arbitrator issued rulings that exceeded his powers. The arbitrator specifically found that the fence:

"[S]hall have no effect on the status of the area as a 'Common Area' or the Claimants' and Respondents' equal undivided 50% ownership interest in the 'Common Area' but shall constitute an accommodation of both parties for the preservation of the value of the units and to promote the benefit, enjoyment and well being of the unit owners and occupants."

The trial court found as follows:

"[T]he Court cannot conclude that an order to construct a privacy fence for the 'preservation of the value of the units and to promote the benefit, enjoyment and well-being of the unit owners and occupants', with each party bearing its own costs, is unjust or unconscionable."

The arbitrator's decision does not involve title to, or possession of, real estate but only affects the use of the real estate to accommodate both parties and preserve the value of the units. The arbitrator did not exceed his power in this order. Appellants' first assignment of error is not well taken.

By the second assignment of error, appellants contend that the arbitrator, in establishing the erection of a fence, violated appellants' rights provided for in the Condominium Declaration and Bylaws, specifically, Article III, Section 2, Subsection (n), which provides as follows:

"Section 2. Restrictions. The Condominium Property shall be subject to the following restrictions:

" * * *

"(n) Architectural Control. No building, fence, wall, sign or other structure shall be commenced, erected or maintained upon the Condominium Property, or

any part thereof, nor shall any exterior addition to or change or alteration therein be made, until the plans and specifications showing the nature, kind, shape, height, materials, color and location of the same shall have been submitted to and approved in writing by the owners of the other Unit, whose decision shall be binding and final. In the event the owner or owners of the other Unit fail to approve or disapprove such plans and specifications within thirty (30) days after they have been submitted to them, approval will not be required and these provisions will be deemed to have been fully complied with."

■ Even though the arbitrator did not follow the procedure of the Condominium Declaration and Bylaws, the arbitration award may not be vacated. As stated above, when disputing parties agree to submit their controversy to binding arbitration, they agree to accept the result, even if it is legally or factually wrong. *Goodyear*, 42 Ohio St.2d at 520, 71 O.O.2d at 511, 330 N.E.2d at 706–707. Thus, appellants' second assignment of error is not well taken.

■ By the third assignment of error, appellants contend that the arbitration award unduly infringes upon appellants' rights as guaranteed by R.C. 5311.04 and 5311.05, prohibiting any partition of the common areas except as provided in the Revised Code. Appellants contend that the construction of a fence has the effect of acting as a partition. R.C. 5311.04(D) provides:

"(D) Except as provided in section 5311.051 of the Revised Code, the percentage of interest in the common areas and facilities of each unit as expressed in the original declaration shall not be altered except by an amendment to the declaration unanimously approved by all unit owners affected. * * * "

The arbitration award expressly provides that the percentage of interest in the common areas is not affected by the installation of this fence. This same argument was addressed in *O'Neil v. Atwell* (1991), 73 Ohio App.3d 631, 638, 598 N.E.2d 110, 114–115. In *O'Neil*, one condominium owner built a deck in the yard and the owners of the contiguous unit sought removal of the deck. The plaintiffs argued that the construction of the deck violated R.C. 5311.04(D). Plaintiffs contended that the construction of the deck altered the percentage of interest in the common areas of the remainder of unit owners and limited the common areas. The court rejected the argument because the construction of the deck did not affect the percentage of interest of each unit owner, and the only change was in the appearance of a portion of the area. In this case, the same result will occur. The fence will have no effect on the percentage of interest in the common areas and will only change the appearance.

■ Appellants also contend that the arbitration award relating to the appointment of other parties to serve as the board of managers and directing them to consider matters within certain time periods and to incur expenses without the

approval of all the owners falls outside the arbitrator's authority as established by R.C. Chapter 2711 and the Condominium Association Bylaws. Appellants specifically contend that the award concerning the sidewalk repair, roof repair, tree removal, graffiti removal, and privacy fence repair were outside the order of reference and, therefore, the arbitrator exceeded his authority to determine these issues.

The complaint sought arbitration of a controversy "concerning the boundaries of real estate .and interpretation of the By–Laws." The bylaws specifically provide for such repairs in Article IX. The reference order does not specify the issues to be arbitrated, but refers the entire matter to binding arbitration. Thus, the arbitrator did not exceed his authority, and appellants' third assignment of error is not well taken.

For the foregoing reasons, appellants' three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DESHLER and CLOSE, JJ., concur.