DECISION
Plaintiff-appellant, Carolyn Detty, a former employee of the Ohio Department of Rehabilitation and Correction ("ODRC") appeals the Franklin County Court of Common Pleas dismissal of her motion to vacate or modify a final and binding arbitration award. The trial court determined that it did not possess subject matter jurisdiction. Specifically, appellant asserts that the trial court possessed jurisdiction over the arbitration award by virtue of its finding that her labor union, the Ohio Civil Service, Employees Association AFSCME Local 11, AFL-CIO ("OCSEA") may have failed to fairly represent her interests in the arbitration. Because a failure on the part of the OCSEA to fairly represent a public employee does not bring an arbitration award into the category of an award procured by corruption, fraud, or undue means, we disagree. Accordingly, we affirm the judgment of the trial court.
The ODRC hired appellant as a corrections officer in April 1996, and, from that time until her termination in November 1996, appellant worked for approximately one hundred eighty days. Pursuant to a collective bargaining agreement between the ODRC and the OCSEA, all new ODRC corrections officers are subject to a one-hundred-eighty-day probationary period during which the ODRC possesses discretionary authority to discharge them without cause. Additionally, the collective bargaining agreement provides that the discharge of probationary employees shall not be subject to OCSEA grievance procedures. Finally, the collective bargaining agreement provides that any employee grievance shall be resolved via final, binding arbitration.
Appellant filed a grievance challenging her termination. In the resulting arbitration, the OCSEA represented appellant's interest. The OCSEA and the ODRC stipulated that the viability of appellant's grievance turned upon whether appellant was terminated within her probationary period or after her probationary period. However, at the arbitration hearing, neither the ODRC nor the OCSEA raised the fact that appellant worked the night shift between April 26, 1996, and May 3, 1996. Because the night shift entitles an employee to extra days of work credit, the arbitrator may have ruled in appellant's favor if he had been provided with this information. Without the information, the arbitrator determined that the ODRC terminated appellant during her probationary period.
Appellant filed a motion asking the trial court to vacate or modify the arbitration award. She named both the ODRC and the OCSEA as defendants. The ODRC and the OCSEA filed motions to dismiss, and appellant filed a memorandum in opposition. The trial court found that appellant's allegation, that the OCSEA failed to present important evidence at the arbitration, arguably constitutes an allegation that the OCSEA engaged in an unfair labor practice in violation of R.C. 4117.11(B)6).
The trial court further found that conduct which actually or arguably constitutes an unfair labor practice under R.C. Chapter 4117 is subject to the exclusive jurisdiction of the State Employment Relations Board. Gunn v. Euclid City School Dist.Bd. of Edn. (1988), 51 Ohio App.3d 41, 43. Because R.C.4117.11(B)(6) expressly characterizes the "[f]ail[ure] to fairly represent all public employees in a bargaining unit" as an unfair labor practice, the trial court determined that appellant's complaint falls within the exclusive jurisdiction of the State Employment Relations Board. Accordingly, the trial court dismissed appellant's complaint pursuant to Civ.R. 12(B)(1) for lack of jurisdiction over the subject matter.
Appellant timely filed a notice of appeal. On appeal, she asserts the following assignment of error:
 The Court of Common Pleas erred in Granting the Motions to Dismiss * * * given that the trial court concluded that there was an arguable showing that the Arbitrator's award was procured by undue means.
In her only assignment of error, appellant contends that, as a matter of law, the trial court's finding that the OCSEA may have engaged in an unfair labor practice under R.C. 4117.11
also constitutes a finding that the arbitration award was procured via undue means. Appellant further reasons that, because R.C.2711.10 grants a court of common pleas jurisdiction over an arbitrator's award procured via undue means, the trial court possessed jurisdiction in this case and erred in dismissing it for want of subject matter jurisdiction.[1] Appellant's appeal presents a question of law, which we review under the de novo
standard. See Hunt v. Marksman Prod., Div. of S/R Industries,Inc. (1995), 101 Ohio App.3d 760, 762.
A trial court's power to vacate a final, binding arbitration award is limited. As a matter of policy, the courts favor and encourage arbitration and, therefore, will make every reasonable indulgence to avoid disturbing an arbitration award.Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn.
(1990), 49 Ohio St.3d 129, 131. "When parties agree to submit their dispute to binding arbitration, they agree to accept the result, regardless of its legal or factual accuracy." Cleveland v.Fraternal Order of Police, Lodge No. 8 (1991), 76 Ohio App.3d 755,758; Nester v. Nester (May 23, 1995), Franklin App. No. 94APF09-1359, unreported.
R.C. 2711.10 provides trial courts with jurisdiction to vacate an arbitrator's award if "[t]he award was procured by corruption, fraud, or undue means." R.C. 2711.10(A). Additionally, a trial court shall vacate an arbitrator's award if "[t]he arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." R.C. 2711.10(D). Although the Ohio Supreme Court has never specifically addressed the meaning of the term "undue means" in interpreting R.C.2711.10(A) and (D), the court has determined that a trial court's review of an arbitration award is limited "to claims of fraud, corruption, misconduct, an imperfect award, or that the arbitrator exceeded his authority." Goodyear v. Local Union No. 200 (1975),42 Ohio St.2d 516, paragraph two of the syllabus; Belden v. Webb
(1997), 122 Ohio App.3d 199, 202; Cleveland v. Fraternal Order ofPolice, Lodge No. 8 (Mar. 23, 2000), Cuyahoga App. No. 75892, unreported.
Appellant urges that the term "undue means" encompasses an employee organization's breach of its duty to provide fair representation to its employees. However, Goodyear and its progeny consistently interchange the term "undue means" with "misconduct." See Goodyear, at paragraph two of the syllabus; Belden at 202. Thus, R.C. 2711.10(A) has consistently been interpreted to include some degree of malice. Id. Appellant seems to seek to expand this historical interpretation such that "undue means" includes any breach of duty. We believe that appellant's interpretation would greatly expand the number of arbitration awards eligible for review by trial courts. In accordance with our policy of favoring and encouraging arbitration, we are disinclined to so extend the court's jurisdiction.
Additionally, as the trial court aptly noted, the conduct by the OCSEA in this case, which appellant contends resulted in an unfavorable arbitration award, fits squarely within the definition of an unfair labor practice under R.C.4117.11(B)(6). Unfair labor practices are subject to the exclusive jurisdiction of the State Employment Relations Board. Gunn, at 43. We decline to expand one statute beyond its historical scope when the General Assembly has enacted another statute to provide a remedy in situations precisely like appellant's situation in this case.
Accordingly, we conclude as a matter of law that the trial court did not err by dismissing this case based upon a lack of subject matter jurisdiction. Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
 __________________ KLINE, J.
BOWMAN, P.J., and BROWN, J., concur.
KLINE, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.
[1] In her motion to the trial court, appellant sought to vacate or modify the arbitration award. R.C. 2711.10 applies to the court's jurisdiction to vacate an award, while R.C. 2711.11
applies to its jurisdiction to modify an award. On appeal, appellant asserts that the trial court erred by failing to find that it possessed jurisdiction under R.C. 2711.10, but makes no mention of R.C. 2711.11. Accordingly, we address her assignment of error exclusively with regard to whether the trial court possessed jurisdiction to vacate the award pursuant to R.C.2711.10. See App.R. 12(A)(2).