GEORGETOWN ARMS CONDOMINIUM UNIT OWNERS' ASSOCIATION, APPELLANT, *v.* SUPER, APPELLEE.

(No. 50730 — Decided June 30, 1986.)

*Foth, Kelly & Urban Co., L.P.A., John H. West* and *Thomas A. Kelly,* for appellant.

*Joseph B. Jerome,* for appellee.

ANN MCMANAMON, J. Plaintiff, Georgetown Arms Condominium Unit Owners' Association (the "Association"), appeals from a judgment on its complaint for injunctive relief by the court of common pleas. In its sole assignment of error, the Association contends that the equitable relief granted by the court was an abuse of discretion, inappropriate, and inadequate.

The eighty-four condominiums which are governed by the Association are located in Parma Heights, Ohio. The Association operates, manages, and maintains these units pursuant to R.C. Chapter 5311. Defendant-appellee, William Super, owns Unit No. 316. The record demonstrates that Super and former tenants of Unit 316 experienced "tremendous problems with cold air" and "things freez[ing] up in the apartment." In 1980, after his first full winter there, Super brought the problem to the attention of the Association's Board of Managers. The Association "listened, and that was it."

Four years later, Super removed

four single-pane windows from his unit, and, in their place, installed two sliding Thermopane glass doors. According to Super, the cost of Thermopane windows of comparable size was prohibitive when compared to that of the Thermopane sliders, which Super decided "had exactly the same appearance" as the windows everyone else had. Super failed to obtain written approval from the Association for this structural modification as required by the Georgetown Arms condominium declaration.

The Association sought an injunction requiring Super to remove the Thermopane doors and restore the original windows. The trial court ordered Super to install a white anodized horizontal bar on each door, to create conformity with all other window units on the premises.

R.C. 5311.19 requires condominium unit owners to comply with all restrictions set forth in the declaration of condominium, bylaws, and other condominium documents. This same section authorizes a condominium association to bring an action for injunctive relief against a unit owner for noncompliance.

The Association has an interest in maintaining the integrity and uniformity of its common and limited common property. Accordingly, various provisions throughout the Association's declaration and bylaws, enacted pursuant to R.C. Chapter 5311, mandate uniformity, and specifically provide that unit owners may not alter, add, construct or remove anything from the common areas and facilities, except upon the prior written consent of the Association. The declaration defines doors and windows in the perimeter walls of a unit as part of the common areas.

It is undisputed that Super did not obtain prior written consent from the Association before installing the sliding glass doors, and that he made this alteration with full knowledge that he lacked permission to do so. The Association contends that because Super failed to follow the rules, regulations, covenants, and restrictions, the trial court erred and abused its discretion in not ordering the installation of conforming windows in the Super unit. It posits that the court's ruling defeats the purpose of the declaration to ensure both uniformity and integrity of the common scheme.

We agree. We hold that the trial court erred in recognizing that Super violated the terms of the condominium declaration, and yet permitting him to maintain his unauthorized structural change.

Super raises issues of selective enforcement, lack of reasonable guidelines for change, and passive disregard of enforcement in this case. However, he readily admits that he was aware he needed written permission for structural change and that he took no steps to obtain it. The court's finding in this regard is fully supported by the record.

The issue in focus is therefore limited to the equitable remedy contained in the court's order permitting Super to install the anodized strip to simulate windows. We hold that the trial court essentially obviated the clear meaning and purpose of the rules, regulations, covenants and restrictions with which the court found Super had not conformed.

We note that Super chose to install unauthorized doors instead of conforming windows because doors were a cheaper means by which to rectify his cold-air problems. A unit owner should not be permitted to act in derogation of a condominium declaration whenever he or she may have a legitimate personal interest to advance in so doing. Condominium declarations established pursuant to Ohio's Condominium Act

must be strictly construed, since the condominium concept depends upon reasonable use and occupancy rules and restrictions. See *Juno by the Sea North Condominium Assn.* v. *Manfredonia* (Fla. App. 1980), 397 So. 2d 297, rehearing granted (1981), 397 So. 2d 301. As one court has noted:

"* * * Every man may justly consider his home his castle and himself as the king thereof; nonetheless his sovereign fiat to use his property as he pleases must yield, at least in degree, where ownership is in common or cooperation with others. The benefits of condominium living and ownership demand no less. The individual ought not be permitted to disrupt the integrity of the common scheme through his desire for change, however laudable that change might be." *Sterling Village Condominium, Inc.* v. *Breitenbach* (Fla. App. 1971), 251 So. 2d 685, 688. See, also, *Schmeck* v. *Sea Oats Condominium Assn., Inc.* (Fla. App. 1983), 441 So. 2d 1092; *Fountains of Palm Beach Condominium, Inc. No. 5* v. *Farkas* (Fla. App. 1978), 355 So. 2d 163.

Super's installation of the doors clearly violated both the condominium declaration and Ohio condominium law. Accordingly, we are constrained to conclude that the trial court granted the Association inequitable relief and, to this extent, we find appellant's assignment of error well-taken. We hereby modify the trial court's order to mandate removal of the doors and the installation of windows which conform to the original scheme.

The judgment of the trial court is modified and, as modified, affirmed.

*Judgment modified and, as modified, affirmed.*

PARRINO, C.J., and NAHRA, J., concur.