City of CINCINNATI, Appellant,

v.

OHIO COUNCIL 8, AMERICAN FEDERATION OF STATE, COUNTY
AND MUNICIPAL EMPLOYEES, AFL–CIO, et al., Appellees.

[Cite as *Cincinnati v. Ohio Council 8, Am. Fedn. of State, Cty.
& Mun. Emp., AFL–CIO* (1994), 93 Ohio App.3d 162.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920542.

Decided Feb. 9, 1994.

*Fay D. DuPuis,* City Solicitor, and *Mark C. Vollman,* for appellant.

*Ronald Janetzke* and *Robert D. Lenhard,* for appellees, Ohio Council 8, American Federation of State, County and Municipal Employees, AFL–CIO, and Local Unions 190, 223, 240, 250, 1543, and 3119.

*Per Curiam.*

This appeal derives from the trial court's granting of summary judgment for the defendants-appellees, Ohio Council 8 of the American Federation of State, County and Municipal Employees, AFL–CIO, and its affiliated local unions ("the union"), in a declaratory judgment action brought by plaintiff-appellant, the city of Cincinnati.

In 1983, the city filed this action seeking a declaration that provisions of the union's collective-bargaining agreements with the city violated Section 4, Article V of the city's charter, proscribing contributions to any political candidate by persons in the city's administrative service. Terms of the bargaining agreements called for the city to deduct portions of each union employee's pay so that the deductions could be contributed to the union's political action committee, PEOPLE. PEOPLE used the funds to support individual partisan political candidates.

Following protracted litigation, in 1991 the Ohio Supreme Court remanded this cause to the court below for determination of substantive issues necessary for the

resolution of the city's claim. The issues now pertinent to this appeal are whether in 1981, and in following years, PEOPLE made contributions to state and local political races in Ohio, and whether the city can constitutionally restrict its employees from making voluntary contributions to a union political action committee that does not fund state or local candidates in Ohio, but does fund other non-local races. *Cincinnati v. Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Emp., AFL–CIO* (1991), 61 Ohio St.3d 658, 672, 576 N.E.2d 745, 757.

This action was resolved by the trial court on cross-motions for summary judgment. We have in the past questioned the wisdom of resolving actions for declaratory judgment by summary judgment. In the case on review, however, the parties' stipulation of all the facts before the trial court would seem to answer that concern. The parties' election to address the issues by cross-motions for summary judgment demonstrates that neither side believed that a genuine issue of material fact was in dispute and that the court was free to review the evidentiary fundament and render a decision as a matter of law.

In a document entitled "Final Judgment Entry," the trial court resolved the substantive issues on remand, declared the rights of the parties and entered summary judgment for the union. The court determined that PEOPLE did not make contributions to candidates for city, county or state office in Ohio. *Id.* at 3. It also held the charter provision barring collection of voluntary political contributions to be unconstitutional. *Id.* at 6. In two assignments of error, the city contests the trial court's entry of summary judgment. For the reasons that follow, we affirm the judgment of the trial court.

In its first assignment of error, the city contends that "the stipulated evidence precludes the trial court's finding that PEOPLE did not make contributions to local political candidates. Such finding is clearly erroneous and against the manifest weight of the evidence." Appellant's Brief at 8. The city essentially argues that when it weighed the stipulated evidence, the trial court incorrectly inferred from the evidence that contributions by PEOPLE to federal congressional races did not qualify as "local" elections even if the congressional district at issue included portions of Cincinnati or Ohio.

The function of summary judgment is to determine from the affidavits and other evidentiary materials if triable factual issues exist. Only after construing the facts most strongly in favor of the party opposing the motion, as required by Civ.R. 56(C), can the trial court enter summary judgment if it appears that reasonable minds can come to but one conclusion adverse to the party opposing the motion. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. The trial court cannot, however, weigh the evidence before it or choose between competing inferences in reaching this decision. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798; *Grant v. Ohio Dept. of Liquor Control* (1993), 86 Ohio App.3d 76, 619 N.E.2d 1165.

■ As it is not the province of a trial court in ruling on a motion for summary judgment to weigh evidence, the city's claim that the court's ruling could be "against the manifest weight of the evidence" is a legal chimera incompatible with the concept of summary judgment. *Dupler v. Mansfield Journal Co.* (1980), 64 Ohio St.2d 116, 121, 18 O.O.3d 354, 357–358, 413 N.E.2d 1187, 1192, certiorari denied (1981), 452 U.S. 962, 101 S.Ct. 3111, 69 L.Ed.2d 973; see *Lantis v. Papner* (1983), 9 Ohio App.3d 306, 308, 9 OBR 553, 556, 459 N.E.2d 1325, 1327, fn. 8 (Black, P.J.). Accordingly, the city's first assignment of error is overruled.

■ The city next contends, in its second assignment of error, that the trial court erred in holding the charter provision unconstitutional. Despite limiting its employees' exercise of their rights of speech and political association, the city urges, the provision serves important state interests and is not substantially overbroad.

The trial court concluded that the political activity the charter seeks to proscribe, contributing to a union political action committee active in federal and other non-Ohio elections, does not directly relate to the legitimate goal of separating city employees from financial involvement in the election of officials who supervise them. It also determined that the charter proscription was not narrowly tailored to serve the city's interests.

Because of the evidentiary stipulation, there are no genuine issues of material fact to be resolved. The trial court properly followed the test identified by the Ohio Supreme Court for determining the constitutionality of the charter provision:

"The Constitution requires that the restriction bear a direct relationship to [the government interest in the efficiency and integrity of the civil service], and be the least restrictive means necessary to accomplish this end." *Cincinnati v. Ohio Council 8,* 61 Ohio St.3d at 669, 576 N.E.2d at 755.

Our own review of the record and the Supreme Court's instructions leads us to conclude similarly that the provision does not directly relate to the city's goal of insuring the integrity of the civil service system and preventing a return of corrupt spoils-system politics: candidates for federal office and federal officeholders do not supervise the daily work of city employees. Therefore, we cannot say that the trial court erred in concluding that, as a matter of law, the charter's proscription is unconstitutional. The second assignment of error is without merit.

Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed.*

SHANNON, P.J., HILDEBRANDT and GORMAN, JJ., concur.