NORTHWOODS CONDOMINIUM OWNERS' ASSOCIATION, Appellee,

v.

ARNOLD, Appellant.

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 79458.

Decided Jan. 17, 2002.

344

Kaman, Ott & Cusimano and Robert E. Kmiecik, for appellee.

Baumgartner & O'Toole and Scott F. Serazin, for appellant.

KARPINSKI, Administrative Judge.

{¶ 1}  A homeowners' association, Northwoods Condominium Owners' Association (the "Association"), filed suit on October 11, 2000, in the court of common pleas seeking preliminary and permanent injunctive relief against owner-occupier and defendant Christopher Arnold.  The Association demanded that Arnold remove two cats and any other pets from his condominium unit;  additionally, the Association prayed to recover costs, expenses, and reasonable attorney fees.  On April 8, 2001, the Association's motion for summary judgment was granted;  specifically, the trial court awarded the Association both the prayed injunctive relief and reasonable attorney fees.  Arnold appeals the trial court's ruling.  For

reasons set forth below, the lower court's ruling is affirmed as to all three issues presented for review.

{¶ 2} The basis of the trial court's ruling stems from the Declaration of Condominium Ownership for the Northwoods Condominium Owners' Association. The declaration, a creature of statute, is governed under R.C. Chapter 5311. Generally, a declaration creates covenants or servitudes running along one particular parcel of land and creates membership known as a property owners' association composed of individual owners of units in a subdivision of that particular parcel of land. Moreover, compliance with condominium declarations and bylaws is required under R.C. 5311.19 if the restrictions are reasonable. See *Pineview Court Condo. v. Andrews* (Oct. 28, 1999), Cuyahoga App. No. 74713, 1999 WL 980628, citing *Monday Villas Prop. Owners Assn. v. Barbe* (1991), 75 Ohio App.3d 167, 598 N.E.2d 1291; *Worthinglen Condominium Unit Owners' Assn. v. Brown* (1989), 57 Ohio App.3d 73, 566 N.E.2d 1275; *River Terrace Condominium Assn. v. Lewis* (1986), 33 Ohio App.3d 52, 514 N.E.2d 732.

{¶ 3} Arnold raises three assignments of error on appeal. Because the first two are related, they will be addressed together.

{¶ 4} "I. The court erred in granting the motion for summary judgment because there are numerous issues of fact which have not been addressed.

{¶ 5} "II. The trial court erred in granting the motion for summary judgment because appellant [sic] failed to establish a right to judgment as a matter of law."

{¶ 6} Under Civ.R. 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Ormet Primary Aluminum Corp. v. Emp. Ins. of Wausau* (2000), 88 Ohio St.3d 292, 725 N.E.2d 646. Moreover, "summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." Id. at 292, 725 N.E.2d 646. "The principal purpose of Civ.R. 56(E) is to enable movement beyond allegations in pleadings and to analyze the evidence so as to ascertain whether an actual need for a trial exists. Because it is a procedural device to terminate litigation, summary judgment must be awarded with caution." Id. at 292, 725 N.E.2d 646.

{¶ 7} This court reviews the lower court's granting of summary judgment de novo. *Pineview Court Condo. v. Andrews* (Oct. 28, 1999), Cuyahoga App. No. 74713, 1999 WL 980628. The construction of written contracts and instruments of conveyance is a matter of law. *Pineview*, supra.

{¶ 8} Because they affect alienability of real estate, restrictive covenants, conditions, and restrictions are viewed with disfavor unless they relate to a general plan of which a purchaser has notice. *Sprunk v. Creekwood Condominium Unit Owners' Assn.* (1989), 60 Ohio App.3d 52, 573 N.E.2d 197. See, also, *Pineview*, supra. In the case at bar, Arnold asks that the Association be enjoined from seeking injunctive relief because the amendment supporting the pet restriction was not legally adopted. The amendment at issue was purportedly adopted in 1976, and its adoption was memorialized in 1980; in 1980 the amendment was made public when it was recorded in the office of the county recorder. Arnold maintains that the Association has not complied with R.C. 5311.05(B)(9).

{¶ 9} The record indicates that Arnold purchased his condominium unit in September 1999 and first possessed two cats in October 1999. He admits having actual knowledge of the pet restriction before he purchased the unit in September 1999. Although the pet restriction is looked at with disfavor, it is undisputed that it was part of a general plan or provision implemented by the Association virtually twenty-three years prior to Arnold's purchase. Moreover, it is undisputed that as a purchaser, Chris Arnold had actual notice of the pet restriction before agreeing to purchase the condominium. By purchasing the condominium, Arnold became a member of Northwoods Condominium Owners' Association; more specifically, Arnold became bound to the existing covenants, conditions, and restrictions relating to the general plan of Northwoods Condominium Owners' Association at the completion of the purchase. The remaining issue, therefore, is whether Arnold is estopped from raising the affirmative defense that the Association did not legally adopt the amendment governing the pet restriction.

{¶ 10} The Association argues that the doctrine of estoppel precludes Arnold from asserting the defense of illegal adoption of a pet restriction for failure to comply with R.C. 5311.05(B)(9); the Association argues that he waived his right to contest the amendment at issue when Arnold opted to purchase his unit. Although waiver is typical of estoppel, estoppel is a separate and distinct doctrine. With estoppel, it is not necessary to intend to relinquish a right. *Chubb v. Ohio Bur. of Workers' Comp.* (1998), 81 Ohio St.3d 275, 690 N.E.2d 1267. Equitable estoppel prevents relief when one party induces another to believe that certain facts exist and the other party changes his position in reasonable reliance

on those facts to his detriment. Id. at 279, 690 N.E.2d 1267, quoting *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 26, 641 N.E.2d 188. Thus, estoppel involves the conduct of both parties, whereas waiver depends upon what one intends to do. *Chubb,* supra.

{¶ 11} "Waiver is a voluntary relinquishment of a known right. * * * 'As a general rule, the doctrine of waiver is applicable to all personal rights and privileges, whether secured by contract, conferred by statute, or guaranteed by the Constitution, provided that the waiver does not violate public policy.'" (Citations omitted.) *State ex rel. Athens Cty. Bd. of Commrs. v. Gallis, Jackson, Meigs, Vinton Joint Solid Waste Mgt. Dist. Bd. of Directors* (1996), 75 Ohio St.3d 611, 616, 665 N.E.2d 202, 208.

{¶ 12} In the instant case, it is sufficient to look at the behavior of just one party, in this case Arnold. The Association correctly asserts that Arnold voluntarily abandoned or relinquished any right or advantage to challenge the pet restriction. We agree. Arnold's assent to purchase, with actual or constructive knowledge of the pet provision, voluntarily relinquished the right. Hence, Arnold waived any right to raise the defense of an illegally adopted pet restriction. Arnold is barred, therefore, from asserting, as a defense, that the amendment supporting the pet restriction was illegally adopted. We conclude that the trial court properly awarded summary judgment in favor of the Association. Accordingly, the first two assignments of error are overruled.

{¶ 13} The third assignment of error follows:

{¶ 14} "III. The court cannot assess attorney fees and court costs because there is no evidence that the amendment was validly adopted."

{¶ 15} The remaining issue is whether the trial court erred when it granted attorney fees in favor of the Association. Arnold's third assignment of error contends that attorney fees and court costs cannot be assessed against him because there is no evidence that the amendment was validly adopted.

{¶ 16} Under Ohio law, contractual provisions awarding attorney fees are enforceable and not void as against public policy so long as the fees awarded are fair, just, and reasonable as determined by the trial court upon full consideration of all the circumstances of the case. See *Nottingdale Homeowners' Assn., Inc. v. Darby* (1987), 33 Ohio St.3d 32, 514 N.E.2d 702; *Gaul v. Olympia Fitness Ctr.* (1993), 88 Ohio App.3d 310, 623 N.E.2d 1281 (holding that it would be illogical to hold unenforceable a contractual provision for the payment of attorney fees in a commercial transaction when there is no evidence of unequal bargaining positions and no evidence of compulsion or duress). Arnold does not dispute the contractual provision expressly allowing attorney fees, nor does he dispute the reasonableness of the amount of fees and expenses which are stipulated. The

only pertinent issue is whether the fees are permitted by law under the Ohio Supreme Court's decision in *Nottingdale*.

{¶ 17} The issue in *Nottingdale* was whether two parties in a noncommercial transaction could lawfully contract to require, in a suit between them, the payment of attorney fees by the unsuccessful party of the suit. The condominium declaration (to which defendant agreed to be bound) provided that in an action for foreclosure or in an action to collect delinquent assessments, reasonable attorney fees incurred by the homeowner's association shall be paid by the defaulting unit owner. In *Nottingdale*, repeated good-faith efforts to collect the past-due assessments were ignored; as a result a lawsuit was necessary. The court noted that defendant never presented any evidence of misunderstanding, deception, or duress regarding the condominium declaration and bylaws upon which the parties agreed to be bound.

{¶ 18} In the case at bar, the evidence indicates that Arnold, like the defendants in *Nottingdale*, freely agreed to binding terms of the condominium declaration. Additionally, repeated good-faith efforts by the Association in the form of monthly warning letters informing Arnold of the potential liability attributing attorney fees and costs were ignored. Hence, Arnold's noncompliance necessitated the present lawsuit.

{¶ 19} The present record does not indicate any showing by Arnold of any misunderstanding, deception, or duress as to the contents of the condominium declaration. However, the issue is not whether attorney fees can be attributed to an action for foreclosure or to collect delinquent assessments, as was the case in *Nottingdale*. Instead, here the issue is whether a homeowners' association may collect attorney fees when a unit owner violates any express provision of the homeowners' declaration.

{¶ 20} Although the factual setting in the case at bar is not identical to that in *Nottingdale*, the reasoning in *Nottingdale* is analogous to the instant case. *Nottingdale* was dependent on the "American Rule" regarding the recovery of attorney fees by the prevailing party in a civil action: the rule provides that " 'attorney's fees are not ordinarily recoverable in the absence of a statute *or enforceable contract providing therefor.*' (Emphasis added.)" *Nottingdale*, supra, at 34, 514 N.E.2d 702, citing *Fleischmann Distilling Corp. v. Maier Brewing Co.* (1967), 386 U.S. 714, 717, 87 S.Ct. 1404, 18 L.Ed.2d 475. The basis for the Supreme Court's decision in *Nottingdale* was the principle that two parties in a noncommercial transaction may lawfully contract to require the unsuccessful party (in a suit between them) to pay attorney fees. Id. Similarly, here the issue is whether the two parties lawfully contracted to require payment of attorney fees and costs by the unsuccessful party.

{¶ 21}   Exhibit K of the Association's motion for summary judgment in Declaration 18, Section D, as amended and recorded in the Cuyahoga County Recorder states:

{¶ 22}   "D.   Cost of Enforcement.   If any Unit Owner (either by his or her conduct or by the conduct of any occupant of his or her unit) shall violate any provision of the Declaration, Bylaws or any rule adopted, said Unit Owner shall pay to the Association, in addition to any other sums due, all costs and expenses incurred by the Association in connection with the enforcement of said provision or rule, including reasonable attorney fees and/or court costs.   Said cost and expenses shall be charged as a special assessment against said Unit Owner.   The Association, in addition to all other remedies available, shall have the right to place a lien upon the estate or interest of said Unit Owner as further explained and set forth in Declaration Article 14, Section."

{¶ 23}   Arnold raises no defenses disputing the Declaration of Condominium Ownership for the Northwoods Condominium Owners' Association;  specifically, Arnold does not dispute Declaration 18, Section D. The above contractual agreement expressly covers "reasonable attorney fees and/or court costs." Therefore, under the instant facts the Association is entitled to attorney fees and court costs.   Arnold's third assignment of error is overruled.

Judgment affirmed.

ANN DYKE and JAMES J. SWEENEY, JJ., concur.