JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Shiv Syal, d.b.a. Bick Vending Machines ("Syal"), appeals the order of the Parma Municipal Court awarding plaintiff-appellee Firestone Financial Corp. ("Firestone") attorney fees in the amount of $7,782.26. For the following reasons, we reverse and remand the decision of the trial court.
 {¶ 2} A review of the record reveals the following facts: On February 15, 2002, Syal entered into a contractual commercial financing agreement with Firestone for the purchase of vending machines. Pursuant to the terms of the Promissory Note ("the Note") and Security Agreement (the "Agreement"), Syal agreed to pay Firestone $399.40 per month for 35 months. Syal made only two payments to Firestone and then ceased making payments. Pursuant to the terms of the Note and Agreement, the vending machines were liquidated, resulting in net proceeds of $7,680.20.
 {¶ 3} On March 27, 2003, Firestone filed suit in the Parma Municipal Court seeking to recover the balance due because of Syal's breach of contract. Firestone also sought attorney fees as allowed by the contract. Syal counterclaimed that Firestone had fraudulently induced him into entering into the Note and Agreement.
 {¶ 4} On January 13, 2005, the trial court granted Firestone's motion for summary judgment and granted judgment in the amount of $7,680.20, plus interest and costs.
 {¶ 5} On March 16, 2005, the trial court held a hearing to determine the amount of attorney fees Firestone should recover.[1] That amount was determined to be $7,782.26. It is from that decision that Syal now appeals and raises two assignments of error for our review. Since they are interrelated, they will be addressed together.
 {¶ 6} "I. The trial court erroneously awarded plaintiff-appellee attorney fees in violation of public policy.
 {¶ 7} "II. The trial court erroneously entered judgment for an amount of attorney's fees that was unreasonable and unsupported by the evidence."
 {¶ 8} In these assignments of error, Syal argues that the attorney fee provision in the contract "is unconscionable and unenforceable as against public policy." Syal also argues that the trial court erred in making an award of attorney fees in the absence of any evidence that such fees were necessary and reasonable.
 {¶ 9} An appellate court will not reverse a trial court's award of attorney fees unless there was an abuse of discretion by the trial court. Curtis v. Curtis (2000), 140 Ohio App.3d 812,815. Abuse of discretion is more than an error of law or judgment "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 10} Under Ohio law, contractual provisions awarding attorney fees are enforceable and not void as against public policy so long as the fees awarded are fair, just, and reasonable as determined by the trial court upon full consideration of all the circumstances of the case. See Nottingdale Homeowners'Assn., Inc. v. Darby (1987), 33 Ohio St.3d 32; NorthwoodsCondo. Owners' Assn. v. Arnold (2002), 147 Ohio App.3d 343.
 {¶ 11} It is not against public policy or statutory law for a provision regarding attorney fees to be included in a commercial contract if the parties had equal bargaining power and the contract was not entered into under compulsion or duress. SeeFirst Capital Corp. v. G J Indus. (1999),131 Ohio App.3d 106, 113; Gaul v. Olympia Fitness Ctr. (1993),88 Ohio App.3d 310; Gordon Food Serv., Inc. v. Ahmed, (Jan. 21, 1999), Cuyahoga App. No. 74890.
 {¶ 12} Here, the parties entered into a contract providing for the award of attorney fees.[2] The contract, in and of itself, does not violate public policy or statutory law and therefore is enforceable. However, the trial court made no determination as to whether the Agreement was made by parties with equal bargaining power, with no coercion or duress. Indeed, Syal specifically claims that he was unsophisticated in business, "naive" and an "immigrant" with insufficient knowledge of what he was getting into.
 {¶ 13} Assignments of Error I and II are sustained.
 {¶ 14} The decision of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Parma Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., concurs. McMonagle, J., Dissents (Seedissenting opinion attached).
[1] There is no indication in the record that a transcript of the testimony was taken.
[2] See Paragraph 1 of the Security Agreement.
 DISSENTING OPINION