GALL, Appellant,

v.

**MARIEMONT WINDSOR SQUARE CONDOMINIUM
ASSOCIATION et al., Appellees.**

[Cite as *Gall v. Mariemont Windsor Square Condominium
Assn.*, 175 Ohio App.3d 689, 2008-Ohio-1276.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–070281.

Decided March 21, 2008.

Jeffrey B. Gall, pro se.

Freund, Freeze & Arnold and Jennifer Kirkpatrick Nordstrom; and Buechner Haffer Meyers & Koenic Co., L.P.A., David Randoph Valz, and Stephen B. Hoffsis, for appellees.

DINKELACKER, Judge.

{¶ 1} Plaintiff-appellant, Jeffrey B. Gall, is the owner of a condominium in Mariemont Windsor Square Condominiums. He filed a declaratory-judgment

action against defendant-appellee Mariemont Windsor Square Condominium Association and several other condominium owners who were on the association's board of trustees (collectively "the association"). In his complaint, he alleged that (1) the owners of unit ten were not paying the full amount of their assessment; (2) the association planned to amend the condominium declaration in violation of R.C. Chapter 5311 to change the par values and percentage interest in the common areas of unit ten and other units; (3) an individual who did not own a condominium was on the board in violation of the condominium's declaration and bylaws; and (4) he came in third in elections for the board of trustees, and that but for the presence of a nonowner on the board, he would have been elected to the board.

{¶ 2} Gall asked the court to order the association to assess and collect the correct amount from unit ten, to remove the nonowner from the board, and to recognize his election to the board. He also sought an injunction prohibiting the association from amending the declaration to change the par value and percentage interest in the common areas without a unanimous vote of the unit owners. Finally, he sought damages and attorney fees for the association's alleged breaches of its fiduciary and statutory duties.

{¶ 3} The association filed a motion for summary judgment. At the hearing on the motion, Gall acknowledged that some of the issues he had raised in his complaint were moot. The trial court noted that the nonowner was no longer a member of the board. Gall's counsel responded, "That is a moot count. We will address that issue as far as how that came back as we ask for attorney fees for that matter." Gall's counsel also acknowledged that the court was without jurisdiction to appoint Gall to the board of trustees. Then the court asked if the only issue left was "whether the amendment of the par values for certain units * * * was not done pursuant to the Revised Code * * *." Gall's counsel replied, "That is correct."

{¶ 4} The trial court held that Gall did not have standing to challenge the assessments of the other units because his par value and percentage interest in the common areas had not changed. The court granted summary judgment for the association on all the claims in Gall's complaint. This appeal followed.

{¶ 5} Gall presents two assignments of error for review. In his first assignment of error, he contends that the trial court erred in granting summary judgment in favor of the association. He argues that as a unit owner, he was affected by the association's failure to collect the proper assessment from unit ten and by the amendment of the par values in the declaration. Therefore, he had standing to bring the action. This assignment of error is well taken.

■ {¶ 6} R.C. 5311.19(A) requires a condominium association and all unit owners to comply with all restrictions in the condominium declaration and bylaws.[1] It goes on to state that violations of those restrictions "shall be grounds for the unit owners association or any unit owner to commence a civil action for damages, injunctive relief, or both, and an award of court costs and reasonable attorney's fees in both types of actions." Similarly, R.C. 5311.23(A) allows a unit owner to commence, in his own name, a declaratory-judgment action to determine legal obligations under the condominium instruments and to seek injunctive relief.[2]

{¶ 7} In this case, the condominium declaration listed the par value and percentage of interest in the common areas, which were the same. The association used the par value to determine the unit owner's assessment for the common areas. Unit ten's par value was listed as 4.05%, which was actually higher than that of other three-bedroom units. Defendant-appellee, Laura Cruickshank, the president of the board of trustees, testified that the board considered it unfair that unit ten's par value was so much higher than that of similar units. Therefore, most of the unit owners voted to allow unit ten's owner to pay at the lower value of 3.3%.

{¶ 8} At that time, the board also proposed an amendment of the declaration amending the par value of unit ten and some others, but the amendment did not get enough votes to pass. The board later passed the amendment, claiming that it was merely correcting a clerical error in the declaration.

■ {¶ 9} This case involves two separate issues: (1) the decision to allow unit ten to pay a lesser percentage regardless of the declaration and (2) the actual amendment of the declaration. Generally, R.C. 5311.04(E) states that "the undivided interest in the common elements of each unit as expressed in the original declaration shall not be altered except by an amendment to the declaration unanimously approved by all unit owners affected."

{¶ 10} But R.C. 5311.05(E)(1) provides that the board of directors may amend the declaration "to correct clerical or typographical errors or obvious factual errors in the declaration" without a vote of the unit owners. We agree with Gall's assertion that the board could not have amended the declaration under this section.

---

1. *Northwoods Condominium Owners' Assn. v. Arnold* (2002), 147 Ohio App.3d 343, 346, 770 N.E.2d 627; *Georgetown Arms Condominium Unit Owners' Assn. v. Super* (1986), 33 Ohio App.3d 132, 133, 514 N.E.2d 899.

2. *Junkins v. Spinnaker Bay Condominium Assn.* (Mar. 1, 2002), 6th Dist. Nos. OT–01–007 and OT–01–006, 2002 WL 337780; *Winchell v. Burch* (1996), 116 Ohio App.3d 555, 561, 688 N.E.2d 1053.

{¶ 11} A clerical error has been defined in other contexts as a mistake or omission, mechanical in nature, that does not involve a legal decision or judgment.[3] In the trial court, the association argued that the par value was directly related to square feet in the unit and that its determination involved a simple mathematical calculation. The record shows otherwise. Cruickshank testified that she did not understand how par value was determined in the declaration and that the par values did not always make sense. She stated that she did not know why unit ten's par value was so much higher than that of other three-bedroom units. This case does not involve a clerical or factual error. The board could not have used the clerical-error provision to circumvent the statute that required a unanimous vote of the unit owners to amend the declaration.

{¶ 12} The question becomes, then, whether Gall had standing to challenge the amendment. R.C. 5311.05(E)(3) states that "[a]ny unit owner who is aggrieved by an amendment to the declaration that the board of directors makes pursuant to division (E)(1) of this section may commence a declaratory judgment action to have the amendment declared invalid as violative of division (E)(1) of this section." The trial court found that Gall was not aggrieved by the amendment because his par value did not change. We find no case law interpreting the phrase "aggrieved by an amendment."

{¶ 13} Similarly, as we have previously stated, R.C. 5311.04(E) requires a unanimous vote of "all unit owners affected" to amend a declaration to alter the percentage of interest in the common areas. Again, the trial court found that Gall was not affected by the lowering of unit ten's par value without an amendment to the declaration because his par value did not change.

{¶ 14} We find a few cases interpreting this statute. They are not directly analogous to this case because they involve physical encroachments on common areas, such as fences, decks, and parking spaces. In some of these cases, the courts held that former R.C. 5311.04(D), which was identical to current R.C. 5311.04(E), completely prevented the construction of an encroachment without a unanimous vote of all the condominium owners.[4]

{¶ 15} But other courts have rejected arguments by unit owners that former R.C. 5311.04(D) prohibited the construction of an encroachment. They held that

---

**3.** *State ex rel. Litty v. Leskovyansky* (1996), 77 Ohio St.3d 97, 100, 671 N.E.2d 236; *Kroehle Lincoln Mercury, Inc. v. Bur. of Motor Vehicles,* 11th Dist. No. 2006–T–0093, 2007-Ohio-5204, 2007 WL 2822591, ¶ 24.

**4.** See *Boerger v. Rockenfield* (May 5, 1997), 12th Dist. No. CA96–11–226, 1997 WL 225994; *Grimes v. Moreland* (C.P.1974), 41 Ohio Misc. 69, 73–74, 70 O.O.2d 134, 322 N.E.2d 699; *Gittleman v. Woodhaven Condominium Assn., Inc.* (D.N.J.1997), 972 F.Supp. 894, 898–899; *United States ex rel. Woodruff v. Fairways Villas Condominium Assn.* (N.D.Ohio 1995), 879 F.Supp. 798, 801.

encroachments did not alter the other unit owners' percentage of interest in the common areas. They only changed the appearance of the common areas.[5]

{¶ 16} In one of those cases, unit owners built a fireplace that required installation of a pipe through the roof. The court stated that the unit owners' actions "simply had no effect upon the percentage of interest each owner had in the common areas. While their actions changed the appearance of one part of the common area in which each owner had an interest, *it did not diminish the amount of that interest in relation to the other unit owners.*" (Emphasis added; emphasis in original omitted.)[6] We also note that these courts have also held that former R.C. 5311.04(D) did not apply, not that the parties did not have standing.[7]

{¶ 17} In this case, the failure to collect unit ten's full assessment and the amendment's lowering of the par value of some units affected the par value of all the unit owners in relation to each other. Even though Gall's par value did not change, the overall amount assessed from all the unit owners was less, thus lessening the total amount of money to maintain the common areas. In other words, "the pot" for maintaining the common areas was less than if the board had collected the full assessment from all the owners.[8]

{¶ 18} Thus, we conclude that Gall was an owner affected by the association's alteration of unit ten's par value and that he was aggrieved by the amendment of the declaration. We believe that the trial court's interpretation of the statutes, although reasonable, would effectively neutralize those statutes and prevent unit owners from obtaining relief in many situations. Further, our interpretation of these specific statutes harmonizes them with the general provisions in R.C. 5311.19 and 5311.23, which allow any unit owner to bring an action. We hold, therefore, that Gall had standing to bring the action, and we sustain his first assignment of error.

{¶ 19} In his second assignment of error, Gall contends that the trial court erred in "issuing a final appealable order" granting judgment in favor of the association on all of the claims in his complaint. He argues that the court failed

---

5. See *Walser v. Dominion Homes, Inc.* (June 11, 2001), 5th Dist. No. 00–CA–G–11–035, 2001 WL 704408; *Belden v. Webb* (1997), 122 Ohio App.3d 199, 701 N.E.2d 445; *Winchell,* 116 Ohio App.3d 555, 688 N.E.2d 1053; *Claridges of Walden Condominium Assn. v. Wenk* (Aug. 16, 1991), 11th Dist. No. 89–P–2110, 1991 WL 157624; *O'Neil v. Atwell* (1991), 73 Ohio App.3d 631, 598 N.E.2d 110.

6. *Claridges of Walden.*

7. See, e.g., *Winchell,* 116 Ohio App.3d at 562–563, 688 N.E.2d 1053; *Claridges of Walden; O'Neil,* 73 Ohio App.3d at 638, 598 N.E.2d 110.

8. See *Grimes,* 41 Ohio Misc. at 73–74, 322 N.E.2d 699.

to decide his claims for an injunction prohibiting the board from amending the declaration and for damages and attorney fees. We disagree.

{¶ 20} The court specifically found that Gall did not have standing to contest the amendment. If he did not have standing, he was not entitled to damages or attorney fees. Further, the court did specifically state, "I'm not inclined to be awarding attorney fees." We do not agree with the association's assertion that Gall waived all issues but the amendment of the declaration. The record shows that he reserved his claims for damages and attorney fees.

{¶ 21} While we do not agree with the trial court's decision, the court clearly decided all the issues. Therefore, it appropriately entered final judgment. Otherwise, we would not have jurisdiction to hear Gall's appeal.[9] Consequently, we overrule his second assignment of error.

{¶ 22} In sum, we reverse the trial court's entry of summary judgment for the association on all the claims in Gall's complaint. We remand the case to the trial court for further proceedings on the claims that were not moot consistent with this decision.

Judgment reversed
and cause remanded.

PAINTER, P.J., and HENDON, J., concur.

---

9. See *Queen City Lodge No. 69 v. State Emp. Rel. Bd.,* 1st Dist. No. C–060530, 2007-Ohio-170, 2007 WL 121740, ¶ 7–12; *Dater v. Charles H. Dater Found., Inc.,* 166 Ohio App.3d 839, 2006-Ohio-2479, 853 N.E.2d 699, ¶ 20.