MARK A. GOLDSMITH,
District Judge, concurring.
I concur with the lead opinion’s conclusion reversing in part and affirming in part the district court’s judgment. I write separately, however, to address arguments made in the partial dissent that critique the lead opinion’s analysis.
The parties offer competing views regarding their failure to consummate the transaction in which MoonScoop was to acquire not only the Strawberry Shortcake and Care Bears properties owned by American Greetings and its affiliates, but also “all rights in those properties held by Cookie Jar” — rights that were to be transferred “at the closing, free and clear of all liens, claims and security interests [except for certain interests not relevant here].... ” MoonScoop’s breach of contract claim is premised on its contention that the failure to close is attributable to American Greetings’ failure to bring about a transfer of Cookie Jar’s rights in those properties and relinquishment of claims through some kind of acknowledgment by Cookie Jar or judicial order. American Greetings contends that it did not breach because Cookie Jar’s rights would have been transferred automatically at the closing, pursuant to a “drag along” provision in the 2008 Letter Agreement between Cookie Jar and American Greetings, if only MoonScoop had actually deposited the purchase price — a position adopted by the court below.
One or the other party is correct, but I cannot determine which one, as a matter of law, based on the current record. For American Greetings to prevail on summary judgment, I would have to conclude that there is no disputed issue of fact that the 2008 Letter Agreement between American Greetings and Cookie Jar would have automatically transferred Cookie Jar’s rights upon payment of the purchase price by MoonScoop to American Greetings and payment to Cookie Jar of the amounts owed to it under the 2008 Letter Agreement, pursuant to the “drag along” provision. The evidence recited in the lead opinion makes clear that there is a disputed issue of fact on this point.
However, the partial dissent claims that a disputed issue of fact on this point is not sufficient to forestall summary judgment against MoonScoop on its breach of contract claim, because MoonScoop never tendered performance. The partial dissent maintains that MoonScoop might be correct in its assertion that American Greetings had breached, but it concludes that MoonScoop’s failure to tender the purchase price left MoonScoop only with a right to be excused from further performance under the contract and barred it from suing for breach of contract. The partial dissent’s reasoning is based on the premise that MoonScoop could only sue for breach if its failure to tender performance was excused, and that tender was not excused. The partial dissent also finds that, regardless of whether tender of performance was excused, MoonScoop had waived any right to demand conveyance of the properties free and clear of Cookie Jar’s rights by the *109 end of the closing deadline specified in the contract. I respectfully disagree with both contentions.
The partial dissent properly notes that, under Ohio law, the general requirement of tender by the party alleging breach is excused when such tender “would merely be a useless ceremony.” Gebbie v. Efros, 95 Ohio St. 215, 116 N.E. 31, 33 (1917). The partial dissent further notes that this general principle has been applied where a party “makes it certain that he does not intend under any circumstances to comply,” George Wiedemann Brewing Company v. Maxwell, 78 Ohio St. 54, 84 N.E. 595, 597-98 (1908), and where a party “is clearly unable to perform his part of the contract.” Gebbie, 116 N.E. at 33. According to the partial dissent, the facts of our case do not come within either of these two broad sets of circumstances excusing tender.
Regarding willingness to perform, the partial dissent maintains that American Greetings’ efforts to make a deal happen fall short of demonstrating that it did not intend to comply with the contract. However, Ohio law recognizes that an inability to perform may be the equivalent of a refusal to perform, making it irrelevant that American Greetings may have endeavored to save the transaction. This is illustrated in Gebbie, where the Supreme Court of Ohio upheld the right of a purchaser of real estate to sue for damages where the seller was unable to deliver unencumbered title, even though the purchaser failed to tender or even offer to tender the purchase price:
It seems to be well settled that the rule relating to tender on the part of the purchaser is subject to the exception that a tender is unnecessary where it would be merely a useless ceremony, as where the vendor is clearly unable to perform his part of the contract, where, for instance, there is an incumbrance upon the property which he is unable to remove.
If plaintiff in error was unable, for the reasons set forth in the petition, to convey an unincumbered title to the real estate in question, she could not, as a matter of course, deposit a warranty deed, the instrument by which such a title was to be conveyed, and her inability to do this was in effect a refusal to do so. It would have been an idle ceremony on the part of the defendant in error to pay or offer to pay the balance of the purchase price under such circumstances.
Id. at 33 (emphasis added).
That a party’s tender is excused where the opposing party, despite its best efforts, has not performed and clearly appears unable to perform is demonstrated in Resolution Trust Corporation v. York, No. C960180,1997 WL 78591 (Ohio Ct.App. Feb. 26, 1997). In York, the court affirmed a money judgment in favor of a real estate purchaser who did not tender the purchase price when the seller could not deliver an unencumbered title. Notably, the seller had attempted for a year to clear title; despite these efforts, the court found the buyer’s failure to tender excusable.
In like fashion, American Greetings’ efforts to secure transfer of Cookie Jar’s rights do not insulate it from a breach claim. Under Ohio law, it makes no difference how strenuously a contracting party attempts to discharge its obligations. If it is reasonably clear that the contracting party -will not be able to do so, the opposing party need not tender performance to maintain an action for breach. MoonScoop did not have to engage in the costly and “useless ceremony” of assembling $95 mil *110 lion when it was reasonably clear that American Greetings could not perform.
The partial dissent finds Gebbie and York inapposite because, in those cases, the existence of liens made the inability of performance beyond question. But the liens in those cases do not appear to have been conceptually different from Cookie Jar’s claims that clouded the properties in our case. In Gebbie, the title was clouded by servitudes in favor of neighboring properties, such as set-back requirements, which while perhaps exceedingly difficult to remove as a practical matter, were at least theoretically removable. The same is true of the liens in York, consisting of significant tax liens, which theoretically could have been paid off. While the inability to perform in those cases may well have been fairly clear-cut, those cases teach only that the inability to perform must be judged based on the context of a particular case. And here the judgment whether it was reasonably clear that American Greetings could not bring about a conveyance of Cookie Jar’s rights should be made by a factfinder after full factual development, not by the court on summary judgment.
The partial dissent further concludes that Gebbie and York simply establish an avenue of relief that MoonScoop did not pursue, ie., “stop working on its end of the deal ... and seek legal redress.” But neither Gebbie nor York establish any requirement that a party “stop working” towards consummation of a doubtful transaction and immediately sue. I find nothing in Ohio law that would penalize a party for continuing to work to salvage a transaction, in the face of apparently impossible odds. Perhaps that is evidence that a jury might weigh in considering whether it was reasonably clear that American Greetings could not perform, but it is not dispositive evidence that mandates an award of summary judgment against MoonScoop. Indeed, a holding such as the one proposed by the partial dissent would be counterproductive by incentivizing a party to resist or avoid efforts at salvaging troubled transactions.
Alternatively, the partial dissent invokes the doctrine of waiver to conclude that MoonScoop waived its right to insist on transfer of the properties free and clear of Cookie Jar’s rights by the end of the closing period specified in the contract. I find three problems with this approach. First, the parties did not raise or brief the issue of waiver on appeal, nor did the district court address the issue in its ruling. In such circumstances, it would not be prudent for this Court to pass on this issue. See Wright v. Holbrook, 794 F.2d 1152, 1157 (6th Cir.1986) (“[T]he general rule is that this court will not consider issues not raised in the district court.”); Hanson v. City of Fairview Park, Ohio, 849 Fed.Appx. 70, 74-75 (6th Cir.2009) (rejecting dissent’s argument because it would be unfair to the parties to consider an issue that was not addressed by the district court or raised or briefed on appeal).
Second, under Ohio law, “[t]he party asserting the defense of waiver bears the burden of proving [it].” Kool, Mann, Coffey & Co. v. Castellini Co., No. C-930951, 1995 WL 453049, at *6 (Ohio Ct.App. Aug. 2, 1995) (citing White Co. v. Canton Transp. Co., 131 Ohio St. 190, 2 N.E.2d 501, 505 (1936)). Given that American Greetings did not even invoke the defense in its summary judgment motion, it clearly has not satisfied this burden.
Finally, waiver is typically a fact-intensive issue requiring a determination by the factfinder. See EAC Props., L.L.C. v. Brightwell, No. 10AP-853, 2011 WL 1944101, at *5 (Ohio Ct.App. May 17, 2011) (“Whether a party’s inconsistent conduct amounts to waiver involves a fac *111 tual determination within the province of the trier of fact.”).[3] The evidence of waiver to which the partial dissent points is that MoonScoop was open to considering an alternative transaction. But showing a willingness to consider an alternative arrangement hardly amounts to an “unequivocal, decisive act” sufficient to establish waiver of a contractual right. See White Co., 2 N.E.2d at 505 (party asserting waiver must prove, “by the greater weight of the evidence, ... a clear, unequivocal, decisive act of the party against whom the waiver was asserted, showing such a purpose or acts amounting to an estoppel on the latter’s part”).[4] If it were, parties to a troubled transaction would be put to a Hobson’s choice of inflexibly insisting on their contract rights or risk waiving their contract rights if workout efforts to save some portion of a deal fail. Nothing in Ohio law would mandate the forfeiture of a breach claim simply because a party showed a willingness to consider an alternative transaction. Again, that evidence may be pertinent for a factfinder’s consideration on the issue of waiver, but it can hardly be dispositive as a matter of law.
I believe the lead opinion’s ultimate conclusion to allow MoonScoop’s breach of contract claim to proceed is correct, because there is no rigid requirement under Ohio law that a contracting party expressly or “unequivocally refuse” to perform in order to excuse the opposing party’s formal tender of performance. A contracting party’s reasonably clear inability to perform will also excuse tender by the opposing party where the opposing party is ready, willing, and able to perform. And here there is, at the very least, a factual question regarding American Greetings’ ability to effectuate transfer of Cookie Jar’s rights, assuming the “drag along” provision did not accomplish that automatically. Nor can the lower court’s judgment be sustained on a theory of waiver — an issue not argued here or below — especially in light of the factually supportable position that MoonScoop was entitled to explore a possible alternative transaction without forfeiture, as a matter of law, of its contractual rights.
For all of these reasons, I concur in the lead opinion’s conclusion reversing in part and affirming in part the district court’s judgment and remanding the case for further proceedings.

. To be sure, where facts and their inferences are undisputable, summary judgment may be appropriate. See, e.g., Northwoods Condo. Owners' Ass’n v. Arnold, 147 Ohio App.3d 343, 770 N.E.2d 627, 630 (2002) (condo owner waived right to challenge illegal adoption of pet restriction because it was undisputed that he purchased condo with knowledge of the restriction). Such is not the case here.

. Cases from outside Ohio establish emphatically that simply considering alternative workout arrangements does not amount to waiver. See, e.g., Fed. Home Loan Mortg. Corp. v. 141st St. & Broadway Realty Co., No. 92-CIV-1433, 1994 WL 9686, at *4 (S.D.N.Y Jan. 7, 1994) ("Mere willingness to consider a workout proposal, however, does not constitute waiver.”); Ash Park, LLC v. Alexander & Bishop, Ltd., 317 Wis.2d 772, 767 N.W.2d 614, 621 (Wis.Ct.App.2009) ("Ash Park’s mere willingness to consider a new deal prior to the scheduled closing did not constitute waiver of the time of the essence provision.”).